The opinion of the court was delivered by
Miller, J.
This case, a contest between the plaintiff, a creditor of the defendant, and his children the intervenors, claiming the property of the community existing between their father, the defendant, and their deceased mother, the property having been conveyed to the children by the father in payment of paraphernal funds of his wife alleged to have been converted by him, was before us in 1895 (43 An. 485, Newman vs. Cooper). The plaintiff’s debt is secured by a mortgage on the community property executed after the death of his wife. The previous appeal was by the children from the judgment for the plaintiff’s debt, with mortgage on the undivided half of the property. The judgment refused to enforce the title of the children, and if there was an indebtedness of the community for paraphernal funds of their mother, the judgment excluded one-half the community for liability for that indebtedness. We remanded the case with the view of ascertaining the amount of the community debt entitled to be paid, we thought, from the mass of the community, and this debt ascertained, there would be established the share of the defendant in the community, on which, in our view, his mortgage was to operate. Our previous decree construed in its entirety conveys this purpose, consonant as it is with the reasoning of the opinion. But the decree seems to have been misunderstood.
*1208 The case now comes back on the plaintiff’s appeal from the judgment for their debt, but denying the mortgage, and in favor of the intervenors for the property. It is manifest the judgment does not conform to the views expressed in our opinion. We affirmed that if the children were community creditors they were entitled to payment from the mass cf the community assets, and that no mortgage by the husband after the death of his wife could defeat that right. The corollary of the proposition was that the plaintiff’s mortgage must be restricted to one-half of the property; the community debt first deducted, or, as it is termed in the decisions, the residuum; the other half of the residuum accruing to the heirs of the deceased spouse. See 45 An. 1485, in which all the authorities are reviewed.
The plaintiffs on this appeal urge on us that the judgment is erro - neous in depriving them of their mortgage operative on the share of the surviving spouse, and because the judgment gives to the children the entire property in satisfaction of the alleged debt for the paraphernal funds of their mother claimed to have been received by their father, and it is further earnestly insisted by plaintiffs that this alleged debt is not established.
On the other hand the intervenors, the children, contend that our previous decree required the settlement of the community; it is claimed that the supplemental petition filed by plaintiff after the case was remanded did not make the requisite parties, nor were any notices given to creditors or other steps taken by the intervenors that our decree required; but, instead, the petition proposed a partition, and hence it is claimed the succession or community is still unsettled, and in view of this alleged non-compliance with the decree it is urged the exceptions to the proceedings should have been sustained. On the merits it is urged that the debt to the children for which the father conveyed to them the community property is proved, and therefore the title of the children is maintained as decided by the lower court.
In remanding the case it was not the purpose to restrict the plaintiffs as to the method of proceeding. Their mortgage operative only on the one-half the property, with the primary deduction or charge on the whole property of such community debt as might be proved to exist, it was indispensable to have determined whether there was that indebtedness. This inquiry for the lower court was our purpose in remanding. A proceeding against the proper parties *1209 presenting the issues as to the plaintiffs’ debt, mortgage and its enforcement, and as to tbe indebtedness of the community at the date of the death of the defendant’s wife in 1883, followed by the appropriate judgment fixing the community debt, if any, and the consequent charge on the property, or deduction from its proceeds if sold, would be an adjustment of the rights of the parties or settlement of the community, admitting of consummation by the sale and application of the proceeds directed by the judgment. That application of proceeds should be: first, the payment of the community debt; one-half the residue to the heirs of the deceased spouse; the other half to the surviving spouse, and if, as in this case, he had executed a mortgage on his share, the mortgage to be satisfied out of that share. The mortgages on community property, executed after the death of the wife, when there are community debts outstanding, and the mortgagor has only his share of the residuum of the community after discharging its debts, are apt to give rise to difficult questions when the community creditors call for their rights. In this case, however, where the issue is solely between the children and the plaintiffs, and the community property consists in that mortgaged to plaintiff it seemed to ns, it would not be difficult to adapt the proceeding for the adjustment of the rights of the parties. There is no necessity or basis to demand a partition of the property; plaintiffs are creditors, not owners. But, with that exception, the ■supplemental petition in this case, substantially, presents the issues and admits of the required judgment determining or rejecting the alleged community debt, and thus fixing by that charge or deduction the share of the residuum subject to plaintiff’s mortgage, and on which it should be decreed to operate. We perceive that the intervenors complain that the proper parties were not before the court. They are, in our view, the intervenors, but we find in the record an acceptance and answer for all. If in point of fact the minors are not provided wth representatives that should be remedied. In our, opinion the supplemental petition omitting all relating to a partition and its details, directed against the proper parties followed by the judgment of the character we have indicated, is substantially the requisite proceeding.
We are asked by plaintiff to close this litigation on the testimony in the record. The insistence of the intervenors on the objection to the mode of proceeding, suggests there may not .have been a full exhibi *1210 tion of proof, and we think it best to allow another trial. We will, however, dispose, as far as practicable, of the issues discussed here. The claim of the intervenors is for paraphernal funds of their mother used by their father. It is manifest the debt of the community is restricted to the funds received by the defendant prior to the death of his wife in 1883. It is the status of the community at that date that is the subject of inquiry.
It is urged on behalf of the plaintiffs that this community debt, if established, is to be reduced by the expenses of the board and education of the minors, since the date of their mother’s death. The theory that the father can become the creditor of his children for their subsistance and education, does not commend itself. We can understand that an insolvent tutor is to be deemed a creditor in such cases, to the extent of the revenues of the minor, that is to say, in a contest with his creditors he must charge his children with such expenses, to the extent of the revenues, as was held by this court in an earlier decision in which the subject was fully examined. Mercier vs. Canonge, 12 Robinson, 385. No such case is presented here. We find in the record, too, that the minors owned a plantation that was productive. With these revenues in his hands applicable to the maintenance of four minors, all young when their mother died, living in their father’s house, not of an age then to send to school, and causing but limited increase in expenses, as we read the testimony, we can find no basis for the charge of board and education claimed by plaintiffs in reduction of the community debt. We would reserve this question if, in our opinion, it would serve any purpose; but think it best to remove it from further litigation and speed the case to a determination on the substantial issues.
The plaintiff’s debt is for supplies furnished defendant since 1885 for the plantation. It is insisted by the intervenors the minors owe a portion of that debt because the supplies used for the plantation on which they lived, contributed to their support. It has beens held that the administrator of a succession advancing to a tutor for the necessities of a minor may charge such advances in his account as administrator. That may be, and it leaves the question as to the liability of the minor to be settled on the tutor’s account. When the tutor cultivates the minor’s plantation and obtains necessary supplies, it has been held the minors owe or may be held, so far as the supplies of a strictly necessary character *1211 are shown to have enured to the minors’ benefit, and so, too, if the minors’ property is destroyed by fire and must be replaced, the minor has been made liable for the expenditure. To decisions of this character we have been referred. McIntosh, Tutor, vs. R. H. Kelly et al., 31 An. 649; C. V. Lagay, Administrator, vs. Mr. and Mrs. J. S. Marston, 32 An. 170; Succession of Sparrow, 39 An. 706; 40 An. 484; Succession of Sparrow, 44 An. 481. Here the supplies were furnished to the defendant for the community plantation, of which he had the revenues. If, under the circumstances already discussed, his charge for board could not be made, it is not easy to appreciate how the children could be made liable either to their father or to plaintiffs for their supplies. The father was not tutor. If he had been the restriction of the law left him without right to bind the children except in the mode the Code prescribes. Civil Code, Art. 350. Urquhart vs. Scott, 12 An. 674; Payne vs. Scott, 14 An. 773. The plaintiff dealt with the father on his responsibility. The supposed benefit that four children derived from the plantation supplies, if capable of appreciation, we think too slender to be the basis of any judgment. We therefore think this question of liability should be excluded from further consideration.
Our conclusion is to remand the case with the direction to the lower court to ascertain, in conformity with this opinion, the debt of the community to the children at its dissolution in 1883, and this includes the recognition of the credits, if any, to which the community may be entitled other than those we hold not to be credits, i. e., for board, education and maintenance and for plaintiffs’ supplies; the debt thus established as a charge on the entire property, the judgment to direct the sale of the property, and from its proceeds the intervenors to be paid first, the amount of their community debt and one-half the residue, the other half of said residue, or as much, thereof as may be requisite, to be applied on plaintiffs’ mortgage debt, to be recognized as operative to that extent only; for any part of plaintiffs’ debt left unsatisfied by this application of proceeds, the plaintiffs to be recognized as ordinary creditors of defendant.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and annulled, and this case be remanded for further proceedings, as herein directed, and that appellees pay costs of appeal.