[PHILADELPHIA, FEBRUARY 13, 1835.]

## MASTERSON and another executors of MASTERSON *against* MASTERSON.

### IN ERROR.

Executors are liable as such only on the contract of their testator; and where they are sued on their own promise though they are named as executors, they cannot appeal from an award of arbitrators without entering into a recognisance of bail.

ON a writ of error to the court of Common Pleas of Montgomery county, it appeared that this suit was brought in that court by the defendant in error, *Elizabeth Masterson,* against the plaintiffs in error, *John Masterson* and *Christopher Tenant,* executors of *Henry Masterson* deceased.

The declaration contained two counts, the first of which set forth that *Henry Masterson* on the 6th of November 1818, made his will, by which among other things he bequeathed to his wife, *Elizabeth* (the plaintiff below) the interest of the money arising out of his estate for the term of five years after his decease, she remaining single and maintaining and educating his minor children thereout, and directed the interest of the residue of his estate; after paying to his children certain legacies, to go to the support of his wife and minor children as long as they could live comfortably together, but should this not happen to be the case, or should his wife marry again, then it was his will that suitable places should be provided for his minor children, and that his goods and effects should then be sold, and the money arising from such sale be considered as part of his estate, and that his wife should then draw one third part of the interest arising out of the estate during her natural life, and of his will, appointed the said *John Masterson* and *Christopher Tenant* executors; that the said *Henry Masterson* died on the 3d of June, 1819, and that the said *John* and *Christopher* proved the will and took on themselves the burthen of its execution, and possessed themselves of the real and personal estate of the testator, to the amount of six thousand dollars, beyond all debts, funeral expenses and legacies. It averred that the said *Elizabeth* had always since the death of the testator, remained single, and had maintained, supported and educated the minor children of the testator, and that she and they had always lived, and still live comfortably together. By reason whereof the said executors became liable to pay her the interest of the testator's estate amounting to the sum of one thousand dollars, being the amount due to her from the time of instituting a former

suit against the said executors, to wit, at August Term 1829, No. 45, to the time of instituting the present suit, and being so liable, the said executors did assume, &c.

The second count was for money had and received by the said *John Masterson* and *Christopher Tenant*, (without naming them as executors) for the use of the said *Elizabeth Masterson*.

The cause was submitted to arbitration, on a rule taken out by the plaintiff below, and on the 22d of October 1831, the arbitrators filed an award in favour of the plaintiff for three hundred and eleven dollars and eighty cents.

From this award, one of the defendants below entered an appeal in the following form:

In the court of Common Pleas, &c.

*Elizabeth Masterson*
        v.
*John Masterson* and
    *Christopher Tenant,*
    Executors of the last
    will and testament of
    *Henry Masterson,* dec'd.

Am. Ac. Case.
    On the 22d October, 1831, the arbitrators report in favor of the plaintiff, three hundred and eleven dollars and eighty cents.

Be it remembered that on the 29th day of October, 1831, *John Masterson* one of the above named defendants, appears in the Prothonotary's office, at Norristown, and enters an appeal from the award of arbitrators in the above case, in the Court of Common Pleas, of said county of Montgomery.

Taken and subscribed the 29th day
    of October, 1829, before me,
    *J. Fry*, Jr. Prothonotary.        (Signed) *John Masterson.*

On the same day an affidavit was filed by *John Masterson,* that it was not for the purpose of delay that the appeal was entered, &c. but he gave no bail on the appeal.

A *fi. fa. de bonis propriis* having issued to November Term 1831, on motion of the defendant's attorney, a rule was granted on the 25th of November, 1831, to show cause why the *fi. fa.* should not be set aside, and on the same day the plaintiff's attorney obtained a rule to show cause why the appeal should not be dismissed.

On the 3d of February 1832, both rules were made absolute.

On the 20th of the same month, an *alias fi. fa. de bonis propriis* was issued, upon which this writ of error was sued out.

The error assigned was in striking off the appeal from the award of arbitrators.

(Masterson and another Executors *v.* Masterson.)

*Rawle*, junior, for the plaintiffs in error, cited *M'Culloch* v. *Sample*, 1 *Penn. R.* 422.  *La Fitte* v. *La Fitte*, 2 *Serg. & Rawle*, 107.  *Gallagher* v. *Jackson*, 1 *Serg. & Rawle*, 492.   2 *Saund.* 117 *note*.  1 *Chitty Pl.* 103.   *Strohecker* v. *Grant*, 16 *Serg. & Rawle*, 237.

*Potts*, contra, referred to *Bixler* v. *Kunkle*, 17 *Serg. & Rawle*, 298. *Morrow* v. *Brenizer*, 2 *Rawle*, 185.   *Wilson* v. *Wilson*, 3 *Binn.* 557.

PER CURIAM.—It has been determined that an action for a legacy may be brought against an executor, in a representative capacity, as in *Foulk* v. *Brown*, 2 *Watts*, 209, determined at the last term for Harrisburg, which was an action of debt in the *detinet*.   In other respects its features were less distinct, but the question being open to construction, was decided in a way best calculated to preserve the constitutional franchise free from impediment.   Can the action before us be so considered?   The foundation of it is the defendant's promise, not the will.   But as executors cannot promise or covenant as such, so as to make themselves liable as executors, they are liable in a representative character, only on the contract of their testator. Naming them as such, though a circumstance to be weighed in a doubtful case, such as *Foulk* v. *Brown*, is by no means decisive; to be conclusively so, the declaration must be framed on the will, and not on any evidence of responsibility subsequent to it.   The defendants therefore, being sued on their own promise, were not entitled to appeal without bail.

Judgment affirmed.