## Pugh *against* Ottenkirk.

The declaration was against M. P., administrator of C. I., deceased, and stated that the son of C. I. drew his draft on the defendant, M. P., in favour of the plaintiff, for $300, with interest, out of any moneys he should receive on account of a legacy to C. I., by the will of P. R., deceased, or any other moneys he might receive as administrator of C. I., which the defendant accepted. *Held*, that the defendant could not appeal from the award of arbitrators against him, without paying costs and giving recognizance.

Under the Act of 16th of June 1836, as well as the 20th of March 1810, it is the character of the suit that determines the right of executors and administrators to appeal without bail or recognizance, and not the naming of the party as executor or administrator.

ERROR to the Common Pleas of *Montgomery* county.

This was an action on the case brought by John Ottenkirk against Mishael Pugh, administrator of Catharine Irick, deceased, in which the declaration was as follows:

Mishael Pugh, administrator of Catharine Irick deceased, was summoned to answer John Ottenkirk of a plea of trespass on the case, &c. And whereupon the said plaintiff by John Freedley, his attorney, complains, that whereas one Christopher Irick (which said Christopher is the only son and heir of Catharine Irick deceased, hereinafter named) at Norristown, in the county of Montgomery aforesaid, on the 29th day of August, in the year 1839, drew his order in writing, under his hand of that date, directed to the said Mishael Pugh, therein and thereby requesting the said Mishael to pay to the said plaintiff or his order the just sum of $300, with lawful interest from the date thereof until paid, out of any money he the said Mishael might receive on account of a certain legacy bequeathed to Catharine Irick, late of Norriton township, in the said county, by the last will and testament of Philip Reese, late of said county deceased, or out of any other moneys he the said Mishael had or might receive from the estate of the said Catharine Irick deceased, as her administrator, as soon as the said sum of $300 should come to his the said Mishael's hands as aforesaid, which said sum was to be paid to the said plaintiff in discharge of a certain obligation, bearing date the 2d day of September 1839. And the said plaintiff afterwards, to wit, the same day and year aforesaid, at the county aforesaid, presented the said order to the said Mishael for acceptance, who then and there accepted the same; whereby the said Mishael hath become liable to pay the said sum of $300, with the lawful interest thereon, according to the terms of the said order; and the said plaintiff in fact saith, that the said Mishael, afterwards, to wit,

[Pugh v. Ottenkirk.]

the 14th day of April 1840, received a large sum of money, to wit, the sum of $350, on account of the said legacy, bequeathed as aforesaid to the said Catharine Irick deceased, to wit, at the county aforesaid. By reason whereof action hath accrued to the said plaintiff to demand and have of and from the said Mishael, the said sum of $300, with lawful interest for the same, yet the said Mishael, although often requested, the said sum of $300, with interest, or any part thereof, yet hath not paid, but the same to the said John to pay hitherto hath refused, and still doth refuse.

And whereas one Christopher Irick (which said Christopher is son and sole heir of Catharine Irick deceased, hereinafter named), at Norristown, in the county of Montgomery aforesaid, on the 29th day of August, in the year 1839, drew his order in writing under his hand of that date, directed to the said Mishael Pugh, therein and thereby requesting the said Mishael to pay to the said John or his order, the just sum of $300 with lawful interest from the date thereof until paid, out of any money he the said Mishael might receive, on account of a certain legacy bequeathed to Catharine Irick, late of Norriton township, in the said county, by the last will and testament of Philip Reese, late of the said county deceased, or out of any other moneys he the said Mishael had or might receive from the estate of the said Catharine Irick deceased, as her administrator, as soon as the said sum of $300 should come to his the said Mishael's hands as aforesaid, which said sum was to be paid to the said John Ottenkirk, in discharge of a certain obligation bearing date the 2d day of September 1839. And the said John Ottenkirk afterwards, to wit, the 2d day of September, in the year first aforesaid, at Philadelphia, to wit, at the county aforesaid, presented the said order to the said Mishael for acceptance, who then and there accepted the same, whereby he became liable to pay the said sum of $300 with lawful interest, according to the terms of the said order. And the said John in fact saith that the said Mishael, as administrator of the said Catharine Irick deceased, afterwards, to wit, the 14th day of April, in the year 1840, received of the estate of the said Catharine, the sum of $350 over and above all her debts and funeral expenses, to wit, at the county aforesaid. By reason whereof action hath accrued to the said John, to demand and have of and from the said Mishael the said sum of $300, with lawful interest therefor. Yet the said Mishael, although often requested, the said sum of $300 with the interest or any part thereof yet hath not paid, but the same to the said John to pay hitherto hath refused, and still doth refuse, to the damage of the said John $500, and therefore he brings suit, &c.

The plaintiff entered a rule of reference, and arbitrators were chosen, who awarded for the plaintiff $259.65 with costs. From this award the defendant appealed and filed his affidavit, but did not give recognizance or pay the costs; whereupon, the court on

motion of the plaintiff dismissed the appeal, which the defendant assigned for error.

*G. R. Fox* and *C. Fallon,* for plaintiff in error.

The question is, whether the court were right in dismissing the appeal. The proceedings against the defendant are all against him as administrator. Under the Act of 1810, administrators were exempted from giving recognizance and paying the costs. It was so decided in *The Insurance Company* v. *Hewes,* (5 *Binn.* 508) ; *Foulk* v. *Brown,* (2 *Watts* 209). The Act of 16th June 1836, sect. 31, varies the provisions of the former Act, and extends them to other persons, such as minors, and enlarges the rights of persons suing and being sued in a representative capacity. It enacts that in all cases in which executors, administrators, and other persons suing or being sued in a representative character, or minors, shall be the party appellant from an award, the appeals shall be good without paying the costs or entering into recognizance, if such appellant shall not have taken out the rule of reference. The case of *Masterson* v. *Masterson,* (5 *Rawle* 137), was under the former Act, and the difference in the language of the Act of 1836, takes this case out of the decision in *Masterson* v. *Masterson.* It is the commencement of the suit that now determines the character of the party suing or being sued.

*Sterigere, contra,* contended that the defendant was not sued in his representative capacity, which the Act of 1836 requires. The judgment against him would be personal, and the execution *de bonis propriis.* The case of *Masterson* v. *Masterson* is the same as this, and rules it. The Act of 1836, sect. 31, by no means enlarges the right of persons sued or suing as executors or administrators to appeal, but rather restricts it, so as to make it conformable to the construction given by the court to the Act of 1810.

The opinion of the Court was delivered by

SERGEANT, J.—Although the language of the Act of 16th June 1836 is more precise than that of the Act of 20th March 1810, yet, substantially, the provisions are the same, so far as respects the right of executors and administrators to appeal from an award of arbitrators without giving bail and performing the conditions ordinarily required. It is the character of the suit that determines this right; and that does not depend on the mere naming the party as executor or administrator in the process or declaration, but upon the cause of action as developed in the pleadings, and whether the recovery is sought in a representative or individual capacity. In the case before us it is plainly the latter, for the suit is founded on the promise of the defendant to pay the draft out of funds when received — a promise on which the intestate, Catharine Irick, never was liable to the plaintiff; nor could the defendant be liable, except in consequence of his own original

[Pugh v. Ottenkirk.]

undertaking by accepting the draft, which made him personally responsible upon it.   The case is stronger· against the defendant than that of *Masterson* v. *Masterson*, (5 *Rawle* 137), where the *assumpsit* alleged in the declaration was in consequence of the defendant's ' having, as executor, received funds out of which a bequest had been made to the plaintiff.

                                              Judgment affirmed.