Stinson, Respondent, vs. Leary, Appellant.

*September 2 — September 20, 1887.*

*Appeal by guardian in proceedings for accounting: No undertaking required by law.*

1. The provision of sec. 4032, R. S., that "the party appealing" from the county to the circuit court, "other than an executor, administrator, guardian, or trustee," shall file an undertaking at the time of filing his notice of appeal, relieves a guardian from filing such an undertaking on appealing from a judgment on a final accounting, even though the amount found due from him exceeds the amount of his bond as guardian.

2. In law, a guardianship does not terminate until the guardian has settled his final account, even though he is not cited to account as such until two years after his ward has reached the age of majority.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

*Edward P. Vilas*, for the appellant.

*Edwin Hurlbut*, for the respondent, contended that by operation of law, a guardianship expires upon the ward's attaining majority, and all his powers then cease. *Jones v. Ward*, 10 Yerg. (Tenn.) 160; *Perry's Lessee v. Brainard*, 11 Ohio, 442; *Hutton v. Williams*, 60 Ala. 107. The intent of sec. 4032, R. S., was to relieve a guardian, etc., from giving an undertaking when acting in a fiduciary capacity for his ward or other beneficiary, and not when acting in opposition to him, and it should be construed according to that intent.

Cole, C. J. The appellant was cited to appear before the county court to render his account as guardian. His ward had arrived at the age of twenty-one more than two years before the citation was issued, and no settlement of the guardian's account had been made. On the hearing before the county court the account was examined and adjusted by that court, which adjudged that the guardian was

indebted to his ward in the sum of $446.91, which he was ordered to pay over to her. Being aggrieved by this order, the guardian took an appeal therefrom to the circuit court, but gave no undertaking on such appeal. The circuit court, on application made therefor, required him to file an undertaking in that court,— conditioned "to pay all damages and costs awarded against him, not exceeding $250,— within twenty days, otherwise his appeal be dismissed." It appeared before the circuit court that the bond given by the guardian on his appointment was in the amount of $300 only. It is now insisted that the circuit court had no power to require the guardian to give the undertaking, and that the order in that regard was unauthorized. The only question we have to consider is the correctness of the order in that particular.

The statute provides for appeals, by a person aggrieved, from an order of the county court to the circuit court, upon giving notice and filing an undertaking as prescribed therein. Sec. 4031, R. S. "The party appealing, *other than an executor, administrator, guardian, or trustee,* shall at the time of filing notice of appeal, and before his appeal shall be effectual for any purpose, file with the county court an undertaking in such sum . . . as the judge shall approve, to the effect that he will diligently prosecute his appeal to effect, and pay all damages and costs which may be awarded against him on such appeal." Sec. 4032, R. S. It is claimed that this provision in express words relieved the guardian from giving an undertaking in the circuit court on the appeal. This view is undoubtedly correct. While the guardianship might be said practically to continue only until the ward arrived at the age of twenty-one years, still in law it did not terminate until the guardian had settled his final account, and had been discharged. It is one condition of the bond which the guardian gives on his appointment, to settle his account either with the court or ward. Sec. 3966, R. S. And the obvious reason why

sec. 4032 exempts the guardian from giving an undertaking on the appeal, is that he is presumed to have already filed a sufficient bond for the faithful discharge of his trust. As the guardian had given a bond to settle his account, and to pay over and deliver all the property in his hands due the ward, this was deemed adequate and sufficient security. The statute upon this point appears too plain to require further comment.

But it is said it was made to appear before the circuit court that the amount found due the ward exceeded the bond which the guardian had given; therefore the court was right in exacting an additional bond as further security. The provision of the statute relied on in support of this position is sec. 2942, R. S., which authorizes courts of record in a civil action to require the plaintiff to give security for costs, where it shall appear reasonable and proper so to do. It is very apparent the circuit court did not exact the undertaking under this provision, for the order required an undertaking conditioned to pay *all damages*, as well as costs, which might be awarded against the guardian on the appeal. We have not been referred to any statutory authority which we think confers on the circuit court power to make the order it did. If the bond given by the guardian was insufficient security for the protection of the ward, the county court had ample authority under sec. 3967 to require additional bonds. But the circuit court had not this power, and could not rightfully exercise it.

It follows from these views that the guardian was entitled to the full benefit of his appeal without giving the undertaking as required. No question was made on the argument as to the appealability of the order, and we have not considered it.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.