TOMPKINS, Respondent, vs. PAGE, Appellant.

*November 22 — December 13, 1887.*

70    251
111    607

*Appeal from county court: Guardian: Undertaking.*

Under sec. 4032, R. S., a guardian need not give an undertaking upon
   an appeal from the  county court, even though the  appeal  is from
   an order requiring him to pay  over the amount found to be due to
   his ward, who has attained majority.

APPEAL from the Circuit Court for *Marquette* County.
   The facts are  stated in the  opinion.   The circuit court
dismissed the  appeal from the county court on the  ground
that no undertaking had been given as required by sec. 4032,
R. S., holding, in  effect, that where a  guardian prosecutes

an appeal for the benefit of the ward he can do so without giving an undertaking, but if he takes the appeal for his own individual interest and benefit, or for the protection of the sureties on his bond as guardian, an undertaking must be given.

*J. C. McKenney,* for the appellant.

*G. J. Cox,* for the respondent, to the point that unless the appellant was guardian and acting in the interest of his ward when he appealed, he must give an undertaking, cited *Thompson v. Thompson,* 24 Wis. 515; *Haliman v. Dibrell,* 51 Miss. 96; *McTaylor v. State,* 39 Tex. 298; *Battle v. Howard,* 13 id. 345; *Estate of Fehland,* 49 Wis. 349.

ORTON, J. On the petition of the respondent, the appellant was cited to appear before the county court and account for certain money of the respondent in his hands as his guardian during his minority, and the county court adjudged and ordered that he pay to the appellant, then of age, or his attorney, the sum so found to be in his hands as such guardian. From such judgment the said appellant appealed to the circuit court. The respondent moved to dismiss said appeal on the sole ground that the appellant had not given with said appeal an undertaking or bond, usually required on appeals from the county court, and the circuit court sustained said motion on that ground alone, and dismissed said appeal. From that order this appeal was taken, and the same ground is urged for sustaining said order.

This case is closely analogous to the recent case decided by this court of *Stinson v. Leary,* 69 Wis. 269. In that case, as in this, the ward had become of age when the petition was filed, and the order was to pay over to the ward the sum of $446.91, when the guardian's bond was less than that amount, to wit, the sum of $300. In this case the bond was only $200, and the amount ordered to be

paid was $1,827.19, and costs, so that the disparity is much greater. The opinion in that case was filed in September, and the order of the circuit court in this case was made in February last. This court held in that case that the appellant was not required to give any undertaking or bond upon an appeal, under sec. 4032, R. S. That decision is conclusive of this case, and the circuit court therefore erred in dismissing the appeal on that ground. That section is general, and embraces all appeals taken by a guardian, and makes no such exception as that made by the learned judge of the circuit court in giving his reasons for the order, or any other.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.