## CASE, ADMINISTRATRIX, v. NELSON.

[No. 2,874. Filed Dec. 13, 1898. Rehearing denied March 8, 1899.]

APPEAL.—*Executors and Administrators.*—*Appeal Bond.*—An administrator cannot appeal from an order of court charging him with a certain sum of money as omitted assets of the estate, without giving bond, under section 657 Burns 1894, as such appeal is not in the interest of the estate.

From the Cass Circuit Court. *Appeal dismissed.*

*G. E. Ross* and *McConnell & Jenkines,* for appellant.

*M. Winfield* and *Lairy & Mahoney,* for appellee.

COMSTOCK, J.—Appellee moves to dismiss this appeal for two reasons: (1) "The appellant was not, at the time this appeal was perfected, and is not now, administratrix of the estate of Charles B. Case, deceased, she having been removed by the circuit court in which said trust was pending on the 16th day of June, 1898, for failure to give bond in compliance with an order of said court." (2) "No bond has been filed by appellant within the time allowed by law." The bond given on the appointment of the administratrix was in the sum of $100. The court ordered an additional bond. With this order appellant has not complied. The appeal is from a judgment of the Cass Circuit Court ordering appellant, as administratrix of the estate of Charles B. Case, to charge herself with $3,800, which the court held constituted a part of the assets of the estate. The judgment and order were made upon an issue formed by exceptions of appellee filed to the final report of said administratrix, and were entered on the 16th day of June, 1898. The following is the language of that part of the order: "It is therefore ordered and adjudged by the court that the exceptions of Mabel Nelson to said report be, and they are hereby, sustained, and said administratrix ordered to charge herself with the sum of $3,800, which sum the court finds the said

administratrix received on the 7th day of August, 1891, from the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, in settlement of a certain claim against said company for negligently causing the death of her intestate, which said sum said administratrix so received for the benefit of herself as widow, and the exceptor Mabel Nelson, and Jesse Case, children of said intestate," etc., and then follows in the same entry an order removing appellant, as administratrix, for failure to comply with the order of the court requiring her to file an additional bond; and the order appointing M. F. Mahey, administrator *de bonis non*, and the recital of the acceptance of his bond, the issuing of letters, and his qualifications as said administrator.    After the rendition of said judgment, to wit, on the 14th day of July, 1898, appellant filed the record in the cause below in this court, together with her assignment of errors.    Appellant assigns error in the appeal as administratrix of the estate of Charles B. Case, deceased.

In support of her first reason given to sustain her motion, appellee's counsel contend that the order removing Mrs. Case terminated at once her powers and duties as administratrix, and that whatever she did afterwards was done in her individual capacity, and not as representing any persons or any estate; that while she may appeal, after her removal, from the order removing her, it would be only in her individual capacity, in which case she is required to give bond. Citing, *Erlanger* v. *Danielson*, 88 Cal. 480, 26 Pac. 505; *Mallory* v. *Burlington, etc., R. Co.*, (Kan.) 36 Pac. 1059. The appellant in *Erlanger* v. *Danielson, supra*, had been appointed administrator under section 1383 of the code of California, which reads as follows: "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be en-

titled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration may be issued to him." The facts as set out in the opinion are as follows: Danielson died intestate and unmarried, leaving two brothers in California. March 13, 1890, appellant, who was not related to the deceased, filed a petition asking for letters together with the written consent of Theodore Danielson, a brother of the deceased, to his appointment. March 24, 1890, Theodore Danielson filed a petition asking for letters for himself. April 7, 1890, the court appointed both petitioners administrators and both qualified. April 29, 1890, William Danielson, another brother of the deceased, who had been temporarily absent from the state, filed a petition asking that Erlanger's appointment be revoked, and that he be appointed in his stead. July 9, 1890, the court revoked the letters of Erlanger and appointed William Danielson. From the order of removal, Erlanger appealed without giving bond. The supreme court of California held that such appeal could not be prosecuted without bond, the court holding that appellant was not acting in another's right in the sense of section 946 of the code of civil procedure. The part of said section referred to is in the following language: "The court below may, in its discretion, dispense with or limit the security required by this chapter, when the appellant is an executor, administrator, trustee, or other person acting in another's right." The court adds: "Plainly, on this appeal the appellant is not acting in another's right in the sense of section 946 of the code of civil procedure. And we think it equally evident that section 965 has no application to this case. This is not a proceeding had upon the estate of which he was administrator, within the purview of that section. In the first place, he was not administrator. Whatever effect his appeal, when perfected, would have upon the order removing him, it was in full force until then. It follows that when he filed his notice he was not such officer, and then

Case, Adm., *v.* Nelson.

had no administrator's bond.   Suppose the contrary were held, and the order removing him was affirmed; how could his sureties be held for costs incurred after his duties as administrator ceased?   But the section has reference to matters in which the estate is interested.   This is his personal matter. The undertaking of his sureties is, that he shall faithfully perform the duties of his office.   How can he be said to be discharging official duty in appealing from an order relieving him from such duty?   It is true, the legislature has the power to provide for obligations not mentioned in the bond, or entirely outside of its apparent scope; and one becoming surety after the law has been enacted will be bound accordingly, for he will be presumed to know the law.   But this is a harsh rule, and the legislature will not be presumed to have intended such consequence, unless the intent is clear.   Here the intendments are all the other way.   We think the appeal should be dismissed."

In *Mallory* v. *Burlington, etc., R. Co.,* (Kan.) 36 Pac. 1059, the supreme court of Kansas held that when letters of administration had been issued without jurisdiction, and the probate court upon hearing declared them null and void, the person illegally appointed as administratrix was not entitled to appeal from such an order without giving the appeal bond required from ordinary appellants, stating that the facts found by the probate court make it clear that it had no jurisdiction to issue letters of administration, and that its action in that respect was void for all purposes; and that at the time when the attempt was made to take an appeal, the letters had been recalled, and an order entered declaring all proceedings connected with the administration null and void; that in attempting to appeal, she was not acting as the representative of the estate.   The decision was upon two grounds: (1) That there had been no valid appointment; (2) that all proceedings under the void appointment had been annulled.   The language of the Kansas statute upon which

appellant relied to prosecute her appeal without bond was: "No executor or administrator shall be required to enter into bond to entitle him to appeal." General statutes 1889, par. 2977.

In support of the second reason for dismissal urged by appellee's counsel, it is contended that this appeal cannot be prosecuted without bond, because the judgment rendered is not such a judgment that an appeal could be taken by an administrator or executor without bond; that judgments from which an administrator may appeal without bond are such as are rendered against and payable out of the assets of the estate. Woerner in his Am. Law of Adm. at page 1201 says: "The party appealing is always required to give bond, except in cases where the executor or administrator appeals in the interest of the estate and has given security on his administration bond. An executor is entitled to an appeal without surety where the judgment or decree is to affect only the assets, because the appeal bond would bind him personally and tend to render him liable beyond the assets, and because he has already given a general bond; but where he is in a situation in which a personal judgment or decree can be rendered against him which may make him liable out of his own funds, he is no more entitled to appeal without surety than any other person. And in such case the administrator will not be allowed to appeal in *forma pauperis*, so as to avoid the necessity of giving an appeal bond. It is the character of the suit which determines the question of the right to appeal without bond,—not the naming of a party as executor or administrator, but the cause of action as developed by the pleading." Woerner cites in this connection, *Pugh* v. *Jones*, 6 Leigh, 299, 302; *Erskine* v. *Henry*, 6 Leigh, 378; *Wade* v. *American, etc., Society*, 4 Sm. & M. 670, 45 Am. Dec. 324; *Pugh* v. *Oltenkirk*, 3 Watts & S. 170, 172. In *Pugh* v. *Jones, supra*, judgment was rendered against the executor personally, and it was held that on appeal a bond should be required. *Erskine* v.

*Henry, supra,* was a suit in equity against defendant executor in his own right as legatee. It was held that on appeal allowed him from the decree, an appeal bond should be required. In *Wade* v. *American, etc., Soc., supra,* it was held that an executor is entitled to an appeal without surety when the judgment or decree is to affect only the assets of the decedent in his hands. *Aliter* where he is in a situation in which a personal judgment or a lien can be rendered against him, and in which he may be responsible out of his own funds. The learned author uses almost the language of the court in *Pugh* v. *Otlenkirk, supra,* to the effect that it is the character of the suit, and not the names of the parties that determines the right to appeal without bond, whether the recovery is sought in a representative or individual capacity. The decision in *Hickman* v. *Hickman,* 74 Ga. 401, was under section 3622 Gen. Code, viz.: "Executors, administrators, and other trustees, when sued as such, or defending solely the title of the estate may enter an appeal without paying costs and giving bond and security as hereinbefore required; but if judgment should be obtained against such executor, administrator, or other trustee, and not the assets of the estate, he must pay costs and give security as in other cases." And the court held that where an executor was cited to appear and settle his accounts, and pay over to the legatees the amounts to which they were entitled, and from the judgment rendered the executor desired to take an appeal, he could not do so without giving security, and an appeal taken without this requirement was properly dismissed. Appellant claims the right of appeal without bond under section 657 Burns 1894, section 645 Horner 1897: "Executors, administrators, and guardians may have an appeal and stay of proceedings in the court below without giving an appeal bond." This appeal is concerning a matter connected with the decedent's estate act. The civil code makes no provision for the filing of exceptions to the report of an administrator or executor, nor for a trial of the same. The decedent's estate

act provides therefor and for appeals from judgment thereon. Section 2612 Burns 1894, of the decedent's estate act being substantially the same as section 645, *supra*.

The language of the judgment which we have set out in the case before us is a judgment against appellant as administratrix. Appellant's learned counsel contend that the decisions of the courts, outside of Indiana, which have been cited, have been based upon the peculiar phraseology of the statutes involved, and are not in point because section 645, *supra*, of this State, without qualifications, provides that executors, administrators, and guardians may appeal without bond. The Wisconsin statute and two decisions thereunder are cited in support of this position. Section 4032 of the Rev. St., Wisconsin, provides that: "The party appealing, other than an executor, administrator, guardian, or trustee, shall at the time of filing notice of appeal, and before his appeal shall be effectual for any purpose, file with the county court an undertaking in such sum, * * * as the judge thereof shall approve, to the effect that he will diligently prosecute his appeal to effect, and pay all damages and costs which may be awarded against him on such appeal." In construing this section the court in *Stinson* v. *Leary*, 69 Wis. 269, 34 N. W. 63, held that it relieved a guardian from filing such an undertaking on appealing from a judgment on a final account, even though the amount due from him exceeds the amount of his bond as guardian. In said case appellant was cited to make final settlement as guardian; his ward had arrived at the age of twenty-one years more than two years before the citation was issued, and no settlement of the guardian account had been made. Upon the hearing and examination of the account, it was adjudged that the guardian was indebted to his ward in the sum of $446.91, which he was ordered to pay over to her. He appealed, but gave no undertaking on such appeal. The circuit court on application required him to file an undertaking in that court to pay all costs and damages accrued against him, not ex-

ceeding $250, within twenty days, otherwise his appeal would be dismissed. The bond given on his appointment was in the amount of $300 only. The case of *Tompkins* v. *Page*, 70 Wis. 249, 35 N. W. 563, is analogous to *Stinson* v. *Leary, supra,* in principle. The amount ordered to be paid to the ward in the last case cited was $1,827.19 and costs, and the bond given by the guardian on his appointment was for $200. The court held that no bond was required; that the section 4032 was general, and embraced all appointments taken by a guardian, and made no exception.

We are of the opinion that the order of removal, following the granting of the appeal from the judgment directing the administratrix to charge herself with $3,800 which belonged to the estate, could not deprive her, as administratrix, of any right she was entitled to before such order, and we do not reach a conclusion in this case from the consideration of that order. We approve of the law as announced by Woerner, *supra.* The right of appeal without bond is given to the executor or administrator in a representative capacity, with a view of protecting the estate. When the interest of the administrator is adverse to the estate he represents, a bond should not be dispensed with. As said in *Pugh* v. *Ottenkirk*, 3 Watts & S. 172: "It is the character of the suit that determines this right; and that does not depend on the mere naming of the party as executor or administrator in the process or declaration, but upon the cause of action as developed by the pleadings, and whether the recovery is sought in a representative or individual capacity."

In the case before us the appeal was clearly in the interest of the appellant alone. It does not matter how she is designated, her interests are antagonistic to the estate. The order directs her to add to the assets of the estate what she claims as her individual money. The appeal is not to save the estate, but to protect herself. It was not the purpose of the statute to give an appellant acting in his own interest

adversely to the trust he nominally represents, a privilege not accorded appellants generally, not acting in such capacity.

The learned counsel for appellant strongly relies upon *Stinson* v. *Leary*, 69 Wis. 269, 34 N. W. 63, and *Tompkins* v. *Page*, 70 Wis. 249, 35 N. W. 563. They support his position, but are not in harmony with the weight of authorities, and with all respect to the learned court deciding them, we believe that they should not be followed. While the cases cited from which we have quoted, holding a bond to be necessary upon appeal, are based upon statutes not identical with our own, their reasoning is applicable to the question presented by this appeal. Counsel also cite *Bake* v. *Smiley, Adm.*, 84 Ind. 212, and insist that it is decisive of the question. We do not regard that case as in conflict with the conclusion herein reached. The judgment was against the executors, directing them to pay to the said Smiley, administrator, they being ordered to pay as executors, and therefore out of the assets of the estate they represented. The judgment was against the interests of the estate, reducing its assets. An appeal was claimed in the interest of the estate and the court held that no appeal bond was necessary. In the appeal before us, as before stated, the order directs that an amount claimed by the administratrix as her individual property, and which the court has found is a part of the estate of the decedent, should be added to the estate, not paid to a third party or to any particular person.