REAP, RECEIVER *v.* MULLENIX.

[No. 15,261.   Filed December 5, 1934.]

*Walter G. Todd, William J. Judy,* for appellant.

*J. E. Harrison, Willis Hickam,* for appellee.

SMITH, C. J.—Appellee has filed his verified motion to dismiss this appeal which was attempted to be made on an order from a judgment sustaining exceptions to a final report of appellant as receiver.

The original action was a suit in foreclosure in which St. Louis Joint Stock Land Bank of St. Louis, obtained judgment for foreclosure of a certain mortgage on real estate against Joseph R. Ellis, and others, and a personal judgment was rendered against said Joseph R. Ellis.   Ambrose Reap was appointed receiver to take charge of the real estate, and collect the rents until the further order of court and during the year of redemption.   During the pendency of the receivership, the appellee herein filed and procured a judgment of allowance of his claim for $182.07, and granting to him a lien on the proceeds in the hands of the receiver to secure the payment thereof, subject to the reasonable

and necessary administration expenses of said receivership.

The receiver filed two current reports and a final report showing certain credits and asking for certain allowances for himself and his attorney for fees for services in the receivership.

A hearing was had in which the court found against Ambrose Reap on his final report, and required him to account to the receivership in a sum over and above that shown in his final report, making in all a total of $244.21.

By this judgment, the court reduced several items, among them being the items for receiver's fees and for attorney's fees, and thereby added to the estate a sum sufficient to have paid the appellee's claim.

There are several questions raised upon this motion to dismiss, one of them being that the appellant herein as receiver is not a proper party as appellant, but should have been made a party appellee; that the judgment herein, if reversed, would benefit Ambrose Reap in his individual capacity and not the receivership.

The question is also raised that the original plaintiff in the action, St. Louis Joint Stock Land Bank of St. Louis, and one of the original defendants, Joseph R. Ellis, against whom a personal judgment was rendered, are each of them interested in sustaining the judgment of the trial court, and are proper parties to this appeal.

Appellee said that Ambrose Reap as receiver should be made a party appellee in order that the receiver may protect the interests of the trust against the individual claim of Ambrose Reap, and others.

Appellant has not filed any brief upon this motion, and we take the matters pertaining to the record as stated in appellee's brief as being correct. In addition to this, we have examined the record, and find that the

statements pertaining to the record as set forth by appellant are substantially correct.

Appellee cites and relies upon the case of *Moore, Administrator, et al.* v. *Ferguson et al.* (1904), 163 Ind. 395, 72 N. E. 126, as authority for the dismissal of this appeal.

We have concluded that the appeal must be dismissed because of improper parties appellant and appellee; hence it will not be necessary to notice the many other questions raised by appellee for dismissal.

The case of *Moore et al.* v. *Ferguson et al., supra,* was an attempt by an administrator of an estate to appeal from a judgment against such administrator, entered upon exceptions to his report. He sought to appeal in both his individual capacity and as administrator. Neither the administrator nor any other person as administrator of the estate had been made a party appellee. The result of the judgment of the court in that case was that certain amounts were disallowed as compensation for the services of the administrator, and thereby the estate was enhanced in value for distribution. Quoting from said case, the court said, p. 399:

"It is certainly clear that by the order of the court the interests of the estate in effect were promoted. Especially is this true in regard to the $600 allowed to the administrator as compensation for his services, which amount, as shown, the court required him to turn over to the estate to be applied in payment of the claim or obligation in question. It appears that he is wholly insolvent, and that the estate will be compelled to pay out of its assets the claim upon which he is the principal debtor. By the order of the court the estate virtually secured the benefit of $600 in money, and to this amount, at least, the assets thereof for the payment of claims may be said to have been increased. The judgment or order of the court, considered either in part or as a whole, was certainly, under the circumstances, in the interest of the estate, and the latter, as previously said, was thereby promoted.

"The estate certainly, under the circumstances, can have no ground of complaint, and no reason for appealing from the judgment below. Jonathan J. Moore, personally, is the only person, under the facts, interested in securing a reversal of the judgment, while, upon the other hand, the estate of Willis E. Moore is interested in maintaining it as rendered in the lower court. Under these circumstances the interest of Moore as an individual and the interest of the estate which he seeks to represent as administrator are antagonistic to each other. Moore as administrator of the estate and Moore in his own right or person in a legal sense are two separate and distinct persons. The appeal manifestly is to protect his individual interest, and can not in any manner conduce to the interest of the estate of the decedent. This certainly is obvious. *Case* v. *Nelson* (1899), 22 Ind. App. 22.

"Under the facts the respective interests are wholly adverse to each other. Therefore, under the circumstances, the estate, by its administrator, should not be made to occupy the position of appellant, but should have been made an appellee."

It appears in the instant case that this attempted appeal is to protect the individual interests of Ambrose Reap, and that it cannot in any manner be of interest to the receivership. This being true, then Ambrose Reap as receiver should have been made a party appellee and could not properly take this appeal, as the receivership's interest does not lie in securing a reversal of the judgment. If Ambrose Reap has the right of appeal herein, it could only be as an individual and not as receiver.

Whether the other persons named should be made party appellees, it is not necessary to decide because this appeal cannot be maintained for the reasons stated.

Appeal dismissed at costs of Ambrose Reap.