MESSENGER, ADMINISTRATRIX v. MESSENGER ET AL.

[No. 15,949. Filed November 29, 1938. Rehearing denied January 17, 1939.]

*Earl W. Johnson,* for appellant.

*McAleer, Dorsey, Clark & Travis,* for appellees.

BRIDWELL, J.—The record in this case discloses that Leona Messenger was duly appointed as administratrix of the estate of Bert Messenger, deceased, on December 12, 1934, and qualified as such administratrix. Afterwards, in that capacity, she prosecuted, and, under authority of court, settled, for the sum of $2,500.00, a certain claim against one Eric G. Elg for negligently causing the death of her intestate, and this fund was the only property received by her as such administratrix.

On September 23, 1936, appellant filed a final report showing a balance in her hands as administratrix of $1,047.48, and prayed the court "to order a final distribution to the proper heirs," and that upon the making of distribution, and filing receipts showing same, the report be approved, her responsibility terminated, and "this case be closed."

Prior to the filing of this report, appellees Grace Roush Messenger and Claude Roush Messenger had, on June 17, 1936, filed in the estate proceedings their verified petition alleging, among other things, that they were respectively the widow and son of the deceased Bert Messenger, and praying in effect that, in the event of

funds for distribution being received by the adminis-
tratrix, no such distribution be made or had until the
petitioners were given an opportunity in open court to
introduce evidence to establish their rights on distri-
bution.

On October 16, 1936, Leona Messenger (the appellee
designated as Leona Messenger, Individually) filed her
petition in the estate proceedings wherein she alleged,
among other things averred, that she was the widow
of the said Bert Messenger, and prayed that the amount
in her hands as administratrix be ordered distributed to
her as such widow.

In due course, these petitions were submitted to the
court for hearing and determination. The decision was
in favor of the appellee, Grace Roush Messenger, the
court finding that she was "the widow and sole depend-
ent of said decedent," and finding against Leona Messen-
ger on her petition. The judgment entered was as fol-
lows:

> "It is, therefore, considered, adjudged and de-
> creed by the court that Grace Roush Messenger is
> the widow of the decedent, Bert Messenger, and as
> such, is entitled to all funds derived in an action for
> wrongful death of decedent, and that she recover
> all costs herein."

Appellant and appellee Leona Messenger filed their
motion for a new trial, which was overruled, to which
action of the court they each separately and severally
excepted. This appeal followed. The errors assigned are
that the court erred in the decree or order entered on
the petitions of the claimants, and that the court erred
in overruling the motion for a new trial.

In considering this record, we are confronted at the
outset with the question—What right has the adminis-
tratrix in her representative capacity to prose-
cute this appeal? She, in such capacity, is the
only appealing party. All parties who claimed

any right to distribution of the funds available for that purpose, including Leona Messenger in her individual capacity, were before the court, and their respective rights were settled by the court. It is only a party whose rights are affected by a judgment that may appeal therefrom. It is apparent that appellant in her representative capacity had no interest in the matters litigated other than the discharge of her administrative duties relating to the distribution of the funds held by her when the court had determined to whom such funds belonged.

It is obvious from the record that this appeal is not to protect the interest of the estate, for the money ordered distributed is not an asset of the estate. It was derived from the settlement of an action for damages for negligence which caused the death of appellant's intestate, Bert Messenger. Such funds do not constitute an asset of the estate of a deceased person. *Fink, Admr.* v. *Peden* (1938), 214 Ind. 584, 17 N. E. (2d) 95; *Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360, 65 N. E. 1034; *The Jeffersonville R. Co.* v. *Swayne* (1866), 26 Ind. 477; *C. I. & L. R. Co.* v. *Hemstock, Admrx.* (1936), 102 Ind. App. 654, 4 N. E. (2d) 677; Sec. 2-404 Burns' Ind. Stat. Anno. 1933.

"Leona Messenger, administratrix of the estate of Bert Messenger, deceased, as such administratrix," and "Leona Messenger, individually," in a legal sense are two separate and distinct persons. Leona Messenger in her representative capacity cannot prosecute this appeal in order to safeguard any rights which Leona Messenger, as an individual, may have. We are of the opinion that appellant has no appealable interest, and that the appeal should be dismissed. For authorities discussing the subject-matter here involved, and sustaining the conclusion reached see *Fink, Admr.* v. *Peden, supra; Case, Exr.* v. *Deal* (1912), 177 Ind.

288, 98 N. E. 56; *Murphy, Exr.* v. *Murphy* (1910), 174 Ind. 426, 92 N. E. 165; *Moore, Admr.* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126; *Reap, Receiver* v. *Mullenix* (1934), 99 Ind. App. 441, 192 N. E. 854; *Ansel* v. *Kyger* (1915), 60 Ind. App. 259, 110 N. E. 559; *Case, Admrx.* v. *Nelson* (1899), 22 Ind. App. 22, 52 N. E. 176.

The case of *Ruch, Admr.* v. *Biery et al.* (1886), 110 Ind. 444, 11 N. E. 312, cited by appellant, is neither controlling nor applicable here. For the distinction between the class of cases to which the instant case belongs and the class of cases in which the cited case of *Ruch, Admr.* v. *Biery* belongs, see *Case, Exr.* v. *Deal, supra.*

The appeal is dismissed.