[No. 2680. Decided November 12, 1897.]

*In the Matter of the Estate of Jennie F. Cannon, Deceased, and in the Matter of the Estate of A. M. Cannon, Deceased.*

APPEALABLE ORDER — ALLOWANCE TO WIDOW — RIGHT OF EXECUTOR TO APPEAL — COMMUNITY PROPERTY.

An order for the maintenance of a widow from the interest of her deceased husband in the community estate of himself and a former wife is appealable, although a prior order for the payment of such maintenance from the community estate of her husband and his former wife was unappealed from, when it appears that the later order was intended to supersede the former one.

When the allowance of a claim or a charge against an estate will materially diminish it, the executor, in his representative capacity, has such an interest in the proceedings as to warrant an appeal by him from any order tending to impair the estate in his hands.

Upon the dissolution of the community by the death of the wife, the remarriage and death of the husband, pending administration upon the community estate, will not create a charge in favor of his second wife upon his interest in the community property, which would be superior either to the claims of community creditors or to the rights of heirs and devisee's in the first wife's one-half interest.

Appeal from Superior Court, Spokane County.—Hon. W. E. RICHARDSON, Judge. Reversed.

*Graves, Wolf & Graves,* for appellant.

*Thomas C. Griffitts,* and *Plummer & Thayer,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—The appeal herein was taken by H. E. Houghton, executor of said estates. Pending such appeal, upon the suggestion of the death of said Houghton, W. M. Ridpath was substituted.

It appears that on the 8th day of September, 1893, and for a long time prior thereto, A. M. Cannon and Jennie F. Cannon were husband and wife, residing in this state. They became possessed of a large amount of community property and incurred a large community indebtedness. Each of them had been married prior to their intermarriage, and each had children by such prior marriages, at the time of their respective deaths. Jennie F. Cannon died testate on said 8th day of September, and by her will she appointed said Houghton and J. W. Binkley as executors thereof. On the 23d day of February, 1894, the resignation of Binkley, as executor of said estate, was accepted, and Houghton proceeded to administer said trust. He had prior to this time taken into his possession all of the community property by virtue of his appointment as executor. After the death of Jennie F. Cannon, and after said executor had entered into the possession of the community estate, A. M. Cannon was married to the petitioner herein, Eleanor D. Cannon. On the 6th day of April, 1895, A. M. Cannon died testate in the state of New York. In his last will, which was probated in the superior court of Spokane county, said Houghton and said Binkley were likewise named as executors of his estate. Binkley filed his resignation of the trust and Houghton was appointed executor of the estate of A. M. Cannon on May 24, 1895. On May 13, 1895,

Eleanor D. Cannon presented to the superior court of Spokane county a petition, setting forth that said A. M. Cannon had left certain moneys which were his separate estate, and some wearing apparel and personal jewelry, which was in her possession in Spokane county, Washington, but that he had left no homestead, and no property from which a homestead could be selected by her, except a community interest in the estate of himself and Jennie F. Cannon, then in course of administration in said court, and that he had left no household furniture or other articles specified by law as exempt from execution. She selected and claimed $500 of the sum of money in lieu of the articles and property which would be exempt from execution, and asked for the wearing apparel, jewelry, etc., of the said A. M. Cannon, and also prayed for an allowance of $200 per month for her support, pending the administration of the estate, for the reason that the property selected by her as aforesaid would be insufficient to maintain her during such administration. This petition was in all things granted by the court, and the sum of $200 per month allowed her during the pendency of the administration was ordered to be paid by the appellant, with the condition that none of the amounts provided for should be payable from the community estate of Jennie F. and A. M. Cannon until further order of the court. These several sums were paid over to her, and one month's allowance, to-wit: the sum of $200 was paid from the separate property of A. M. Cannon; this exhausted the assets of his said separate estate, and no further sums were paid. Another petition was filed by Eleanor D. Cannon praying for an order directing the payment of her allowance out of the other property, and a citation was issued thereon to appellant. Upon a motion by him this proceeding was quashed on January 28, 1897. But thereafter, on February 23d, the court made an *ex parte* order,

in terms subjecting all of the property, both separate and community, of A. M. and Jennie F. Cannon to the payment of such allowance. It not being complied with, a citation was issued to appellant on April 10 to show cause, and the parties appeared and a trial was had, whereupon the court made findings of fact substantially in accordance with the foregoing statement. After stating conclusions of law thereon the court made another order directing that the allowance should be paid out of the interest of A. M. Cannon in the community property of himself and Jennie F. Cannon, and should have preference over the community debts of Jennie F. Cannon and A. M. Cannon, and the debts of the separate estate of A. M. Cannon, and this appeal was taken therefrom.

The respondent Eleanor D. Cannon moves to dismiss on the grounds that the order is not an appealable one, and because the appellant is not a party aggrieved. In support of the first ground it is contended that an appeal from the last order must be fruitless because no appeal was taken from either of the prior orders relating to such allowance. But the first order was only made against the separate estate of A. M. Cannon, and there was apparently no desire to resist that. The appellant contends that the second order made on February 23, 1897, was in effect superseded by the third order from which the appeal was taken, and contends further that it was void because it was made without any notice having been served upon him. As we agree with him upon the first ground it will not be necessary to examine the second. While in the last order the court recited the order of February 23d and referred to it as being in force, yet the last order materially modified it by making the allowance a charge only upon the interest of A. M. Cannon in the community estate aforesaid and in terms it did not purport to affect the interest of Jennie F. Cannon

therein. If any further support of the proposition that the second order was superseded by the last one is necessary, it may be found in the following order contained in the record as made on April 24, 1897, the date of the last order, viz.:

" By consent of all parties the order made in this matter with respect to the payment of allowance to Eleanor D. Cannon is hereby set aside and superseded by the findings of fact and conclusions of law and order this day signed, and the clerk is hereby directed to enter the same."

That the order thereby set aside was the second order is apparent from the fact that the first order with reference to paying the allowance from the separate estate of A. M. Cannon had been complied with. The respondent, in contending that the order of February 23d is yet of force, must have overlooked the order above quoted. In fact no attention seems to be directed thereto by either party in the briefs, nor, as we recall, was it done upon the oral argument of the cause. We are of the opinion that the order of April 24th relating to the payment of the allowance was clearly appealable and that the appeal therefrom brings up effectually the matter of directing the payment of the allowance from the interest of A. M. Cannon in said community estate and making it a preferred claim.

We also are of the opinion that the executor could take the appeal, even though any of the parties interested in the proceeds of the estate could have prosecuted one. The case is essentially different from that of a contest between claimants to the estate as heirs or devisees, when it is ready for distribution. There the administrator or executor may not take sides, for if so he might resist the rightful claimant at the expense of the estate to which he might ultimately be found entitled. Such claims do not impair the estate, but relate only as to who is entitled to the same.

But here was a claim that would materially diminish the estate, and it was resisted on the ground that it could not be made to any extent a lawful charge upon the community estate of A. M. and Jennie F. Cannon; and that is the only question we have to consider in this connection. It being the duty of the executor to protect and preserve the estate pending its settlement, in discharging such duty he must have the right to appeal from an order like the one here in question, and, without discussing the various authorities cited by the parties, it is sufficient to say that such a right is generally sustained. He acts in a representative capacity and the question of whether he is a party aggrieved, in the sense of being personally injured, cannot be made the test in determining his right to appeal. *In re Heydenfeldt's Estate*, 117 Cal. 551 (49 Pac. 713). The motion to dismiss is denied.

As to the merits, the question presented is, can the survivor of the community of husband and wife, after the dissolution of the community by death, create a charge against the community estate which would be superior to the claims of the creditors of the community, and also to the rights of the deceased spouse's heirs or devisees to a one-half interest in the community property.

It would seem clear that the allowance to the second wife could not be made a charge upon the interest of the deceased wife in the community estate, but by indirection the order before us would have just that effect. If the interest of the husband in the community estate could be subjected to the payment of this allowance as a prior claim, the interest of the deceased wife in the community property would be subjected to the payment of the community debts to the extent of the depletion of the husband's interest therein. But it could make no difference with the principle involved whether the entire community estate would

be required for the payment of community debts, or only a portion of it, the rule would be the same whether the proceeds would go to the creditors or devisees.

In *Ryan v. Fergusson*, 3 Wash. 356 (28 Pac. 910), this court, in speaking of sections 2411 and 2412 of the Code of 1881, which, with section 3303 of said Code are similar to section 1481, 1 Hill's Code (Bal. Code, § 4621), held that, upon the dissolution of the community by the death of one member, no part of the property could vest in the survivor except subject to the community debts.

There has been no change in this rule by the subsequent decisions of this court, nor, so far as we are aware, by any statute. An act approved March 20, 1895, relating to the descent of real property (Laws 1895, p. 197, Bal. Code, §§ 4640-4645), has been cited, which provides that upon the death of either husband or wife title to all the community real property shall vest immediately in the person or persons to whom the same should go, subject to the payment of the debts, allowances, etc.; but if that act were retroactive and applied to a case like this, it is evident that there is no intention there to change former laws. The family allowance spoken of in section 1 of said act evidently means the family as it existed at the time of the death of the deceased spouse, and section 974, 2 Hill's Code (Bal. Code, § 6221), which was section 1462 of the 1881 Code, relating to the allowance to the widow and minor children, and making it a preference to all other charges, has reference to the widow having an interest in the community property as far as that estate is concerned, in case the husband died first, and the minor children living at the time of the dissolution of such community—not a subsequent widow, should the husband survive the first wife and remarry. The status of the property with reference to the creditors, heirs and devisees becomes fixed at the time of the death

of one member of the community. The surviving member could not create a charge thereon by mortgaging it, to the exclusion of those other parties. Why should he be permitted to do so by marrying again? Even in those states where the husband has the absolute control of the community property, real and personal, during the existence of the community, and can convey all of it without the wife's consent, he could not after her death incur any separate debt or liability which would be a charge thereon to the prejudice of the creditors of the community. *Johnston v. San Francisco Sav. Union*, 75 Cal. 134 (7 Am. St. Rep. 129, 16 Pac. 753); *Healey v. Ashbey*, 47 La. An. 636 (17 South, 195); *Newman v. Cooper*, 48 La. An. 1206 (20 South, 722). And there would be much more reason for adopting a like rule here, where he had no such powers with reference to the real estate during the existence of the community, were the statutes susceptible of any other construction.

Reversed.

DUNBAR, REAVIS, ANDERS and GORDON, JJ., concur.