In re BARKER'S ESTATE.

(No. 1,745.)

On Motion to Dismiss Appeals.

(Submitted February 8, 1902.   Decided February 24, 1902.)

*Executors and Administrators—Settlement of Accounts—Rejection of Claims—Appeals—Appealable Orders.*

1.  Code of Civil Procedure, Sec. 1724, declares that an appeal is taken from an order by filing a notice stating the appeal from the same, or some specific part thereof. In a proceeding to settle an estate, the court made an

order settling the administrator's account, and he appealed, complaining of that part of the order disallowing two certain items, and also a portion thereof directing him to deliver certain stock to a special administratrix. Reading a recital in the first paragraph of the notice of appeal, with each of the other three paragraphs, which were numbered in consecutive order, there was a separate notice of appeal for each part complained of. *Held* not an appeal from the order as a whole, but separate and distinct appeals from the different parts thereof.

2. An order settling an administrator's account, disallowing two certain items, and directing him to deliver certain stock to a special administratrix, though included in one paper, is in effect several distinct and separate orders, and, though embraced in one notice of appeal, will be so treated for the purposes of the appeal.

3. Under Code of Civil Procedure, Sec. 2793, providing that on the day appointed any person interested in an estate may file exceptions to an administrator's account and contest it, the allowance of an individual claim of an administrator against the estate is not conclusive, but the parties interested may contest it when his account is presented.

4. Code of Civil Procedure, Sec. 2608, providing that, where a claim against an estate is rejected, the holder must bring suit within a certain time or be barred, provides an exclusive remedy, and an order disallowing the claim is not appealable; Code of Civil Procedure, Sec. 1722, and Session Laws 1899, p. 146, enumerating appealable orders, not providing for such appeal.

5. Under Code of Civil Procedure, Sec. 1721, providing that "a party aggrieved may appeal," etc., a person, in his capacity as administrator, cannot appeal from an order disallowing his individual claim against the estate, and on such an appeal his individual rights will not be considered.

6. An appeal will not lie from an order directing an administrator to turn over certain assets to his successor on resignation or removal.

7. *Obiter.* Upon the settlement of administrators' accounts the district court has no power to adjudicate and finally determine questions of title between the estate and third parties.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

PROCEEDING to settle the estate of Edwin J. Barker, deceased. Order settling the account of David L. S. Barker as administrator, disallowing certain objected items, and directing the administrator to turn over the assets to Marcella Barker, appointed special administratrix, and the administrator appeals. Dismissed.

*Mr. Fletcher Maddox* and *Mr. H. G. McIntire,* for Appellant.

*Mr. T. E. Brady* and *Mr. William G. Downing,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Motion to dismiss appeals.   On July 12, 1901, the appellant, David L. S. Barker, as administrator of the estate of Edwin J. Barker, deceased, filed an account of his administration covering the time from his appointment until that date, and asked that it be allowed.   At that time there was pending a petition filed by Marcella S. Barker, the widow of the deceased, charging the administrator with mismanagement and fraud in connection with his trust, and asking that he be removed from his office.   This petition had been pending for some time, and some evidence had been heard in support of the charges.   Marcella S. Barker also filed written objections to certain items in the account, and asked that they be disallowed.   One of these items was a charge of $500 for attorney's fees claimed by the administrator to have been paid for services rendered in connection with the estate.   Another was an individual claim of David L. S. Barker, the administrator, as creditor of the deceased, which had theretofore been presented to the judge, and had been indorsed "Allowed."   The amount of this claim is $2,098.80.   A hearing was had upon the account and the petition for removal, upon evidence then and theretofore taken; but before the motion was finally submitted, the petition for removal was withdrawn, and the administrator tendered to the court his resignation, in writing, asking the court to discharge him upon settlement of the account.   On August 1, 1901, the court made an order settling the account, after striking out some of the items objected to, including $250 of the first and the whole of the second, mentioned above.   The order also directed the administrator to deliver to Marcella Barker, who was at the same time appointed special administratrix, all the property and assets in his hands belonging to the estate, and to file his receipts therefor for approval and final discharge.   The order specifically mentioned 426,720 shares of the stock of the Big Seven Mining Company, which

at the hearing the administrator had endeavored to show did not belong to the estate, but to Jane Barker, the mother of himself and deceased, and were in his hands as her agent. Before striking out the item of $2,098.80, the court revoked the previous allowance of it as a claim against the estate. The administrator thereupon took his appeals to this court from the parts of the order disallowing the two items mentioned, and also that portion of it requiring him to deliver the mining stock to the special administratrix. Marcella Barker has filed her motion to dismiss the appeals from those portions of the order disallowing the second item of $2,098.80, and directing the delivery of the stock, on the ground, among others which it is not necessary to notice, that the orders are not appealable.

1.    The appellant contends that he has appealed from the order as a whole, and that the motion cannot be entertained. The notice shows that the appellant, in taking the appeals, proceeded upon the assumption that they are separate and distinct; for if the recital in the first paragraph of it be read with each of the three others, which are numbered in consecutive order, there is a separate and distinct notice for each appeal. Evidently counsel for appellant had in mind, when giving the notice, Section 1724 of the Code of Civil Procedure, which contemplates the taking of appeals from a judgment or order, or a specific part thereof, and proceeded upon the theory that he could take the appeals as he did. The appeals may therefore, upon this theory, be treated as separate and distinct, and the motion may be entertained as to the two at which it is directed. Furthermore, though the action taken by the district court at that time is all included in the same paper, several distinct and separate orders were made, and each of these, for the purposes of appeal, must be so treated, though all are included in the same notice.

The portion of the order disallowing the David L. S. Barker individual claim of $2,098.80 is, in legal effect, a rejection of the claim against the estate in the first instance. It was within the power of the court to reconsider its action in allowing the

claim upon presentation by Barker, and when this was done it stood in exactly the same condition as if it had been rejected in the first instance. The allowance had the effect only of placing the claim among the acknowledged debts of the estate, to be paid in due course of administration. It was not conclusive upon the heirs or others interested in the estate, but the right was still reserved to them, upon presentation of the account, to contest and have it rejected. (Code of Civil Procedure, Sec. 2793; *In re Mouillerat's Estate*, 14 Mont. 245, 36 Pac. 185; *In re Sullenberger's Estate*, 72 Cal. 549, 14 Pac. 513; *In re Swain's Estate*, 67 Cal. 637, 8 Pac. 497; *Weihe* v. *Statham*, 67 Cal. 84, 7 Pac. 143.) The portion of the order which operated as a rejection of the claim was a separate and distinct act from the order allowing the account. The same may be said of that portion of the order directing the delivery of the stock to the special administratrix. It had nothing to do with the matters involved in the account.

2. The order rejecting the claim of $2,098.80 is not appealable, for the reason that there is no provision in the statute permitting an appeal. (Code of Civil Procedure, Sec. 1722; Session Laws 1899, p. 146; *Estate of James Tuohy*, 23 Mont. 305, 58 Pac. 722.) In such case the claim must be enforced against the estate under the provisions of Section 2608 of the Code of Civil Procedure. The remedy there provided is exclusive.

There is another consideration which is also conclusive upon the appellant. An appeal is allowed in any case to those persons only who are aggrieved by the judgment or order complained of. (Code of Civil Procedure, Sec. 1721.) The rejection of the claim of David L. S. Barker in his capacity as a creditor of the deceased in no way affected the rights of David L. S. Barker in his capacity as administrator. In each capacity he is a different person, and has distinct and separate rights. The appeal having been taken by him in his official capacity, his individual rights cannot be considered, because they are not before us, even though it be conceded that he had the right

of appeal in his individual capacity.   (*In re Phillips' Estate,* 18 Mont. 314, 45 Pac. 222.)

3.   Nor does the statute permit an appeal from an order directing an administrator to turn over to his successor, upon resignation or removal, the property belonging to the estate, or which has come into his hands as such.   If the particular property belonged to the estate, or came into his hands because of his official position as administrator, it was entirely proper for the order to be made, and, as administrator, he was bound to obey it.   If it did not belong to the estate, and was not held as such, the court had no power to compel him to part with it. Upon the settlement of accounts the court has no power to adjudicate and finally determine questions of title between the estate and third persons.   This can be done by action only, in which the parties may be accorded the right of trial in the ordinary way.   If, therefore, David L. S. Barker held the stock by any other right than as administrator, the order cannot affect such right.   It is simply void.   If he obtained its custody by virtue of his appointment as administrator, and not in his individual capacity, the order was proper, and should be obeyed.   In any event, no appeal lies from the order, and this court has no jurisdiction to entertain it.

The two appeals at which the motion is directed are dismissed.

*Dismissed.*