MOORE, ADMINISTRATOR, ET AL. *v.*
FERGUSON ET AL.

[No. 20,400. Filed October 25, 1904.]

APPEAL AND ERROR.—*Decedents' Estates.*— *What Statute Governs.*—Where an administrator files his report, claiming therein certain sums for his own services, which sums were disallowed, and he takes an appeal as administrator and also as an individual from such disallowance, such appeal is governed by §§ 2609, 2610 Burns 1901. *p. 398.*

SAME.—*Parties.*—*Failure to Make Estate a Party Appellee.*—*Dismissal.*— Where the probate court makes an order disallowing the administrator's charges for services, and he takes an appeal therefrom, he must make himself as administrator of such estate a party appellee and not a party appellant, since such order of disallowance is in favor of such estate and it has no cause for complaint, and where such administrator is not made an appellee such appeal will be dismissed. *pp. 399, 400.*

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Jonathan J. Moore, as administrator of the estate of Willis E. Moore, deceased, filed his report in said estate, to which Robert J. Ferguson and others filed exceptions. From an order denying certain items in favor of the administrator, he appeals in his individual and fiduciary capacity. Transferred from the Appellate Court under § 1337u Burns 1901. *Dismissed.*

*Ira M. Sharp,* for appellant.

*Higgins & Holloman, Mahan & Kelsey, Clodfelter, & Fine, C. D. Orear, B. F. Ratcliffe* and *Dutch & Wilhoite,* for appelles.

JORDAN, C. J.—Jonathan J. Moore, in his individual capacity, and Jonathan J. Moore, administrator of the estate of Willis E. Moore, deceased, are joined as co-appellants in this appeal. Robert J. Ferguson and others, who were exceptors in the lower court, are the only persons who have been made appellees. Neither Jonathan J. Moore, nor any other person as administrator of the estate of the said Willis E. Moore, deceased, has been made a party appellee.

The facts disclosed by the record, among others, may be said to be as follows: On February 16, 1903, Jonathan J. Moore, as the administrator of the aforesaid estate, filed in the Boone Circuit Court what is denominated his "third current report." Notice of the filing thereof, and that the same would be heard by the court at a time fixed, was given to the heirs and creditors of the decedent. The appellees herein, heirs and creditors of the decedent, appeared in the lower court and filed objections and exceptions to said report. The matters and things therein called in question by the exceptions came on for hearing before the court at the April term, 1903. Upon hearing and considering the report and exceptions thereto the court found that the first and second current reports of the administrator should be approved and confirmed, except as to certain credits claimed therein by the administrator, and ordered and adjudged accordingly.

The third current report was disapproved by the court as to certain items with which the administrator had charged himself, and the court ordered and adjudged that the charges therein against him be increased to the amount of $100. A credit of $712.52 in the report, which he claimed should be allowed to him personally as a partial payment for his services rendered in the administration of the estate, was wholly disapproved and rejected by the court. Other

Moore v. Ferguson.

credits mentioned in the report to which he claimed to be entitled were also disallowed and rejected. The court further found that the entire estate of the decedent, both real and personal, had been converted into cash, and that the total amount with which the administrator was chargeable was $11,518.16, and that no claims for allowance were pending against the estate. The court also found that a claim to the amount of $1,013.78 had been filed and allowed against the estate, upon which claim or obligation Moore, in his individual capacity, was the principal, and the estate of the decedent was his surety. The court's finding further discloses that said Jonathan J. Moore is wholly insolvent, and is the owner of no property whatever, and that the estate will be compelled to pay said claim of $1,013.78 out of the assets thereof. The court, among other things, ordered and adjudged as follows: "It is further ordered by the court that the administrator be and is hereby allowed the sum of $600 in full payment for all his services as administrator in this estate, including services for making final report and settlement. And it is further ordered and adjudged by the court that said administrator shall not pay to himself personally said sum of $600, but that an equal amount of the indebtedness and claim filed against the estate upon which the administrator personally is principal be set off against said allowance of $600 to said administrator, and that said administrator is hereby ordered to pay said sum of $600 to the clerk of this court to apply on said claim." It was further ordered and adjudged that the administrator pay all costs arising out of the administration of the estate within ten days from date, and that, within said period, he file his final report, and pay to the clerk of the court the entire balance of funds in his hands belonging to the estate, including said sum of $600 allowed him for his services, to be applied to the payment of the claims filed and allowed against the estate of the decedent, and that the surplus, if any, be distributed after the pay-

ment of all claims to the heirs of said Willis E. Moore. Jonathan J. Moore, as the administrator, unsuccessfully moved the court for a new trial, and also to modify its judgment. He also filed in his individual capacity a motion whereby he sought to obtain a modification of the judgment. This motion the court denied.

Errors have been separately assigned by each of the appellants herein. As administrator, Moore, under a separate assignment, complains of the ruling of the court in denying the motion for a new trial, and in overruling the motion to modify the judgment. In his individual capacity he separately assigns that the court erred in overruling his motion to modify the judgment.

Appellees have filed a motion to dismiss the appeal upon the grounds, among others, (1) that no appeal bond has been filed by Moore as appellant in his individual capacity; (2) that he was not a party in his said capacity to the judgment from which he seeks to appeal; (3) that the appeal is not prosecuted in the interests of the estate of the decedent, but is prosecuted solely for the individual interest and benefit of Moore.

It is manifest that the order or judgment from which this appeal has been taken is "a decision of the circuit court growing out of a matter connected with a decedent's estate," and the appeal is therefore based on §§2609, 2610 Burns 1901. Of course, where one prosecutes an appeal under the provisions of these sections in his representative capacity as administrator or executor, he is exempted by statute from filing an appeal bond. As this appeal, however, must be dismissed for another reason, we pass, without deciding, the contention of counsel for appellee that it should be dismissed because Moore, in taking an appeal in his own behalf, has failed to file the required bond.

It is evident that the judgment or order of the court below was in effect wholly unfavorable to and against the

interests of Jonathan J. Moore as an individual. Upon the contrary, however, it was certainly favorable to and in the interest of the estate which he represented as administrator. The court, as shown, ordered that credits to which the administrator claimed he was entitled should be disallowed, and further ordered that the charges of assets received in his trust capacity should be increased to the amount of $100. The claim of $712.52, which he requested the court to allow him as a partial payment for services rendered as administrator of the estate, was wholly disapproved and rejected. The court, however, allowed him the sum of $600 in full payment of all his services as administrator, but ordered that said sum be by him turned over to the clerk of the court as money in his hands belonging to the estate to be applied in payment of the claim allowed against the estate upon which he was the principal debtor.

It is certainly clear that by the order of the court the interests of the estate in effect were promoted. Especially is this true in regard to the $600 allowed to the administrator as compensation for his services, which amount, as shown, the court required him to turn over to the estate to be applied in payment of the claim or obligation in question. It appears that he is wholly insolvent, and that the estate will be compelled to pay out of its assets the claim upon which he is the principal debtor. By the order of the court the estate virtually secured the benefit of $600 in money, and to this amount, at least, the assets thereof for the payment of claims may be said to have been increased. The judgment or order of the court, considered either in part or as a whole, was certainly, under the circumstances, in the interest of the estate, and the latter, as previously said, was thereby promoted.

The estate certainly, under the circumstances, can have no grounds of complaint, and no reason for appealing from

the judgment below. Jonathan J. Moore, personally, is the only person, under the facts, interested in securing a reversal of the judgment, while, upon the other hand, the estate of Willis E. Moore is interested in maintaining it as rendered in the lower court. Under these circumstances the interest of Moore as an individual and the interest of the estate which he seeks to represent as administrator are antagonistic to each other. Moore as administrator of the estate and Moore in his own right or person in a legal sense are two separate and distinct persons. The appeal manifestly is to protect his individual interest, and can not in any manner conduce to the interest of the estate of the decedent. This certainly is obvious. *Case* v. *Nelson* (1899), 22 Ind. App. 22.

Under the facts the respective interests are wholly adverse to each other. Therefore, under the circumstances, the estate, by its administrator, should not be made to occupy the position of appellant, but should have been made an appellee. It is true that §2546 Burns 1901 permits any person interested in the administration of the assets of an estate to except to and contest the correctness of the accounts of an administrator or executor, still such exceptor does not stand for nor represent the estate. The administrator of the decedent's estate herein not having been made an appellee in this appeal, the motion to dismiss must be ruled by the decisions of *Abshire* v. *Williamson* (1898), 149 Ind. 248, and cases there cited, *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372, and cases there cited, *Haymaker* v. *Schneck* (1903), 160 Ind. 443, and *Kuhn* v. *American Mut. Life Ins. Co.* (1903), 160 Ind. 356. In the case last cited the court said: "It is settled law in this State that, unless all parties adverse to appellant in the court below are made appellees in this court, the case can not be determined on its merits."

By reason of the failure to make the administrator of the estate of Willis E. Moore, deceased, a party appellee

herein, we are compelled, under the rule asserted, to dismiss the appeal. Appeal dismissed at the cost of appellant Jonathan J. Moore.