ANSEL, ADMINISTRATOR *v.* KYGER.

[No. 9,267. Filed December 8, 1915.]

1. APPEAL.—*Right to Appeal.*—In order that a party may be entitled to appeal from the final action of a trial court, it must appear that he has a substantial interest in the subject-matter of the litigation, and that he is prejudiced or aggrieved substantially by the judgment or decree from which he seeks to appeal.   p. 262.

2. APPEAL.—*Right to Appeal.*—*Administrator.*—Unless the estate he represents is prejudiced by a judgment or decree, the administrator as such is not authorized to appeal therefrom; hence, where one who was administrator was prejudiced in his individual capacity by an order made in the interest and for the benefit of the estate which he represented, he could not in his official capacity complain of such order and an appeal by him as administrator would not lie.   p. 262.

3. APPEAL.—*Right to Appeal.—Administrator.—Parties.*—The administrator of an estate is not entitled to a hearing on appeal from an order affecting his trust, even though the trust is prejudiced by such order, unless all whose interests are antagonistic to his interests are properly before the court. p. 262.

From Knox Circuit Court; *Ben. M. Willoughby,* Judge.

Proceedings in the matter of the estate of Catherine Ansel, deceased. From an order on exceptions filed by the guardian of Omar Kyger to an inventory of the estate returned by Henry D. Ansel, administrator, the latter appeals. *Appeal dismissed.*

*S. J. Ghee, David H. Byers* and *S. M. Emison,* for appellant.

*Wade & Padgett,* for appellee.

CALDWELL, J.—The decedent, Catherine Ansel, died in August, 1914, leaving surviving her as her only heirs at law the appellant, Henry D. Ansel, her husband, and Omar Kyger, her son, who was under the age of twenty-one years, and who is named as appellee. Thereafter appellant was regularly appointed administrator of the personal estate of decedent by the Knox Circuit Court, and took upon himself the execution of the involved trust. In October, 1914, appellant administrator returned to the clerk's office of the court an inventory and appraisement of the personal effects of the estate. Thereupon, appellee, by his guardian, William H. Kyger, through the instrumentality of certain exceptions filed to the inventory and appraisement, brought to the attention of the court that certain items of personal property alleged to be assets of the estate had been omitted from the inventory and appraisement. These alleged omitted articles consisted of a credit with a savings association in the sum of $1,800, and also certain articles of ornament and apparel. At a hearing before the court, Henry

Ansel *v.* Kyger—60 Ind. App. 259.

D. Ansel urged in justification of his failure as such administrator to inventory the omitted property that he had no knowledge of the existence of the articles of apparel and ornament, and that the credit in the sum of $1,800 was his individual property rather than assets of the estate, and that after the decease of his wife, he had caused such credit to be transferred to his individual account, and that he claimed it as his own free from any right of the estate therein.    The hearing resulted in the exceptions being sustained as to the credit and overruled as to the other items, whereupon the court entered an order that appellant as administrator inventory the credit item in the sum of $1,800.

Appellant, as administrator filed his motion for a new trial, which was overruled, and he, as administrator, reserved an exception, and, as administrator, he now prosecutes this appeal.

Henry D. Ansel, in his individual capacity, is not a party to the appeal.    In his capacity as administrator he appears only as appellant, and in such capacity he assigns error.    At the hearing in the trial court, the contest involved only the conflicting claims of the estate and Henry D. Ansel as an individual respecting the ownership of the $1,800 item.    That contest was determined in favor of the estate represented by Henry D. Ansel, as administrator, and against him as an individual, and to the effect that that item is the property of the estate rather than the property of Ansel as an individual. In this court, he, as administrator, in contravention of his trust as such, assigns error whereby he, as administrator, complains of the action of the trial court, by which the assets of the estate have been augmented, and asks the judgment of this court that such assets be depleted by delivering to him as an individual the property in dispute, and this he seeks

to do without bringing before this court as an appellee, the administrator whose duty it is and who is authorized to protect the estate. On these facts appellee moves the court to dismiss the appeal.

In order that a party may be entitled to appeal from the final action of a trial court, it must appear that he has a substantial interest in the subject-matter of the litigation, and that he is prejudiced or aggrieved substantially by the judgment or decree from which he seeks to appeal. It follows that unless an estate is prejudiced by a judgment or decree, the administrator thereof as such is not authorized to appeal therefrom. If the judgment or decree is substantially favorable to the estate, and its effect is to increase its assets, the administrator in seeking, as such, to annul it, is plainly acting to the prejudice of his trust. Moreover, an appealing party is not entitled to an *ex parte* hearing in an appellate tribunal where the action is adversary in nature. If an administrator, as · such, has such an interest in the involved judgment or decree as entitles him as such administrator to appeal therefrom, and if such judgment or decree affects his trust adversely, still he is not entitled to a hearing in an appellate tribunal unless by proper proceedings those whose interests are antagonistic to his interests are brought before the court.

The entire matter sought to be presented for our consideration by this appeal was determined by the trial court in favor of the trust represented by appellant and against his interests as an individual. Appellant, as administrator, is interested in preserving the order as entered; as an individual, he is interested in annulling it. As an individual, he is interested in maintaining the cause of appellant, while in his trust capacity, he can not perform

the duties of his trust without championing the cause of appellee. It is, therefore, apparent that this appeal can not be considered, for the reason that appellant, as administrator, can not be heard to complain of the action of the trial court, the effect of which is to augment the assets of the estate, and also for the reason that the administrator whose duty it is to protect the estate, is not brought before this court as an appellee. The appeal must be dismissed. See the following: §2977 Burns 1914, §2454 R. S. 1881; *Moore* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126; *Case* v. *Nelson* (1899), 22 Ind. App. 22, 52 N. E. 176; *In re Barker's Estate* (1902), 26 Mont. 279, 67 Pac. 941; *Succession of Hartigan* (1899), 51 La. Ann. 126, 24 South. 794; *In re Switzer* (1906), 119 Am. St. 741, 749 note; 18 Cyc 1210; 2 R. C. L. 52. The motion to dismiss the appeal is sustained, and the same is dismissed.

NOTE.—Reported in 110 N. E. 559. See, also, under (1) 3 C. J. 623, 629; 2 Cyc 628, 631; (2) 3 C. J. 631; 2 Cyc 640, 641; (3) 3 C. J. 1003; 2 Cyc 756.