IN RE ESTATE OF CATHERINE E. CRAIG.
ALVARADO W. CRAIG, ADMINISTRATOR, APPELLANT, V. DORIS L. WRIGHT, APPELLEE.

FILED JULY 3, 1917. No. 19600.

1. **Executors and Administrators:** RIGHT OF APPEAL. An administrator as such cannot appeal from the final order of distribution unless he is pecuniarily affected in his representative capacity. Rev. St. 1913, sec. 1498.

2. ——————: DISTRIBUTION. "An administrator who undertakes, without an adjudication of heirship, to distribute funds in his hands as the residue of an estate administered by him, assumes the responsibility of making distribution to the proper persons." *Boales v. Ferguson,* 55 Neb. 565.

3. ——————: ——————: APPEAL. An administrator who, without having procured an order naming the distributees, distributes the proceeds of a judgment recovered by him for the death of intestate, cannot in his representative capacity appeal from the final order directing distribution to other persons.

APPEAL from the district court for Burt county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Sullivan, Rait & Thummel,* for appellant.

*Ellery H. Westerfield* and *Raymond M. Crossman,* contra.

ROSE, J.

This is an appeal by Alvarado W. Craig, as administrator of the estate of Catherine E. Craig, deceased, from an order of the district court for Burt county dismissing his appeal from the final order of distribution entered by the county court. Catherine E. Craig was killed in a collision with a railroad train at a public crossing, and in an action for damages the administrator recovered a judgment for $10,000. The husband and three daughters of decedent survived her. She also left surviving her Doris L. Wright, a son by a former marriage. The county court found that Alvarado W. Craig, who had been appointed administrator, and his three daughters were the only heirs. Without an order of court the administrator distributed the proceeds of the judgment to himself and two of his daughters. At the time distribution was thus made, the petition of Wright for a vacation of the adjudication of heirship was pending in the county court. Wright also petitioned the county court for an order of distribution allowing the husband one-fourth and each of the four children of decedent three-sixteenths of the estate. On that basis the county court ordered distribution. The administrator as such ap-

pealed to the district court without bond, and he gave no appeal bond as an individual. Wright filed a motion in the district court to dismiss the appeal from the county court on the ground that the administrator had no right to appeal in his representative capacity and had failed to appeal as an individual. Rev. St. 1913, sec. 1427. The appeal was dismissed. From the district court's dismissal the administrator has appealed to this court.

In support of the contention that the appeal was properly dismissed, *Merrick v. Kennedy,* 46 Neb. 264, is cited. In that case it was held that, where an executor or administrator is not pecuniarily affected by the final order of distribution, he cannot appeal therefrom in his representative capacity, since he is not "aggrieved" by such order. Rev. St. 1913, sec. 1498. In the present case, however, the administrator contends that the order of distribution pecuniarily affects him, since he had already paid out the proceeds of the judgment, and that he is therefore "aggrieved" and entitled to prosecute an appeal. The appeal is taken in his representative capacity. An appeal bond was not given. Craig's right to appeal as an individual, or as a distributee, has not been exercised. The problem is therefore reduced to the following inquiries: Was Craig, the administrator, "aggrieved" in his representative capacity? Is he as administrator of the estate of Catherine E. Craig, deceased, pecuniarily affected by the final order of distribution? He concedes that the funds for distribution were received by him in his representative capacity, but he challenges the correctness of the order designating the distributees and adjudicating their respective shares. As already stated, the funds were the proceeds of a judgment for damages. When the administrator ignored decedent's son in making distribution, the record in the county court presented for adjudication undetermined questions relating to heirship and to the distributive shares of those entitled to the estate.

The rule is that payments to distributees by the administrator without an order of court are made at his peril.

*Boales v. Ferguson,* 55 Neb. 565. If the court subsequently
directs payments to other claimants, the administrator
may be pecuniarily affected by the order, but the loss, if
any, falls upon him individually, and not upon the estate.
Under the circumstances of the present case as applied to
the right of appeal, the estate itself is not affected by the
final order of distribution, which neither increases nor di-
minishes the assets. The law does not permit the person
who represents the estate to use it for individual purposes.
*In re Barker's Estate,* 26 Mont. 279; *Ansel v. Kyger,* 60
Ind. App. 259; *Moore v. Ferguson,* 163 Ind. 395; *Succes-
sion of Hartigan,* 51 La. Ann. 126; *In re Heldman's Estate,*
135 N. Y. Supp. 143. Craig is not entitled to prosecute the
appeal in his representative capacity at the expense of the
estate and without an appeal bond. He is not thus repre-
senting the estate, but is seeking to protect individual in-
terests. If the court's distribution is erroneous and that
of the administrator correct, the latter had an adequate
remedy by means of an individual appeal perfected by an
appeal bond. *In re Williams,* 97 Neb. 726.

It follows that the appeal from the county court to the
district court was properly dismissed.

AFFIRMED.