No. 21,258.

*In re* the Estate of W. W. BAIRD, deceased (JAMES H. ELLIOTT, as Administrator, etc., *Appellant,* V. SARAH BAIRD et al., *Appellees*).

### SYLLABUS BY THE COURT.

ADMINISTRATOR—*Order of Probate Court—Appeal by Administrator—Appeal Bond Required.* An administrator who appeals to the district court from an order of the probate court, which charges him with interest on certain funds, deducts the interest charges from an allowance of compensation previously made, and directs distribution of the estate, is required to give an appeal bond.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 12, 1918. Affirmed.

*A. H. Skidmore,* and *S. L. Walker,* both of Columbus, for the appellant.

*Edward M. Tracewell,* of Columbus, for the appellees.

The opinion of the court was delivered by

BURCH, J.: This appeal was taken by the administrator of an estate from an order of the district court dismissing his appeal from an order of the probate court, for failure to give an appeal bond.

The administrator presented to the probate court the final report and account of his administration. After a hearing, the probate court charged the administrator with interest on funds which he had permitted to lie idle, and charged him with another item of interest accruing under circumstances not now material. The court ordered the sum of the two charges to be deducted from an allowance of compensation to the administrator for his services, fixed by previous order, and directed distribution to the heirs.

The statute reads as follows:

"Every appellant shall file in the probate court a bond in such sum and with such security as may be fixed and approved by the probate court, conditioned that he will prosecute the appeal and pay all sums, damages and costs that may be adjudged against him: *Provided,* No executor or administrator shall be required to enter into bond to entitle him to appeal, except when he appeals from the order of removal or to pay over

money to heirs, legatees, devisees, or in a suit growing out of an alleged maladministration of said executor or administrator, in which said cases he shall be required to give bond." (Gen. Stat. 1915, § 4678.)

The appeal to the district court was essentially an appeal from the order to pay to the heirs a sum of money augmented by interest charges which the administrator claimed were unwarranted, and so was within the terms of the statute. Beyond this, however, the statute was designed to relieve an administrator from giving bond when appealing in his representative capacity for the benefit of the estate. In this instance the appeal was taken for the personal profit and advantage of the administrator, and in opposition to the interest of the estate.

In a discussion of the subject in the probate court, opinions were expressed by various persons, including a representative of the heirs, to the effect that no bond was necessary to perfect the appeal. The district court could acquire jurisdiction only by virtue of a bond, and not by virtue of a supposed waiver or estoppel resulting from the conduct described.

The judgment of the district court is affirmed.