[No. 16382. Department Two. July 29, 1921.]

*In the Matter of the Estate of* AUGUSTA P. TUCKER.
PRENTISS TUCKER, *as Administrator etc., Appellant,* v. JAMES E. SEARGEANT, *as Trustee in Bankruptcy etc.,*
*Respondent.*[1]

APPEAL (88)—RIGHT TO APPEAL.—PERSONS INJURED OR AGGRIEVED—ADMINISTRATORS. A personal representative of a decedent's estate of which he was also a beneficiary, who filed his petition for final distribution, praying that the estate be awarded to the other beneficiaries on the ground that his indebtedness to the estate exceeded his share, had no right of appeal from an order distributing his share to his trustee in bankruptcy, since he was not a "party aggrieved" within Rem. Code, § 1716, limiting the right of appeal to such parties only.

Appeal from an order of the superior court for King county, Gilliam, J., entered April 29, 1920, distribut-

[1]Reported in 199 Pac. 765.

ing the estate of a decedent, after hearing objections
to the petition for distribution. Appeal dismissed.

*Russell & Blinn,* for appellant.
*Greene & Henry,* for respondent.

Tolman, J.—Augusta P. Tucker died in King coun-
ty, Washington, in September, 1915, leaving a last will
and testament executed on March 17, 1911, by which
she bequeathed to her three sons, Edward C. Tucker,
Louis Tucker, and Prentiss Tucker, all of her estate in
equal shares, one-third to each, and named Edward C.
Tucker as executor. The executor named in the will
duly qualified and proceeded to administer the es-
tate, but before the estate was closed he died, and
thereafter, in September, 1916, Prentiss Tucker was,
by the superior court, duly appointed administrator
with the will annexed. While so acting as adminis-
trator, Prentiss Tucker filed a petition in voluntary
bankruptcy, and on April 6, 1918, was duly adjudged
a bankrupt. Thereafter respondent, James E. Sear-
geant, was duly appointed trustee in bankruptcy for
the estate of Prentiss Tucker, and has since been the
duly qualified and acting trustee for said bankrupt
estate.

In his petition to be adjudged a bankrupt, Prentiss
Tucker listed certain indebtedness amounting to $2,500
and interest as due from him to his mother's estate.
No note or memorandum in writing signed by him was
ever made evidencing these loans, nor was any interest
paid within such time as would toll the statute of limit-
ations, and the only written evidences of such indebted-
ness are the schedules in bankruptcy, made and signed
by Prentiss Tucker long after the statute of limitations
would have run, and the inventory listing such claims
as assets of his mother's estate, filed by Prentiss

Tucker as administrator, after having filed his petition in bankruptcy. Thereafter and in due course, Prentiss Tucker, as administrator with the will annexed of the estate of Augusta P. Tucker, filed his final account and petition for distribution, praying that the estate be distributed wholly to Louis Tucker and the estate of Edward C. Tucker, deceased, upon the ground that, by reason of the unpaid indebtedness above referred to, which exceeded in amount what would pass to him under the terms of the will, Prentiss Tucker was not entitled to have any part of his mother's estate distributed to him. Respondent, as trustee in bankruptcy, filed objections to this manner of distribution, and prayed that one-third of the estate be distributed to him as trustee in bankruptcy of the estate of Prentiss Tucker, a bankrupt. The trial court thereupon entered an order distributing the estate of Augusta P. Tucker, one-third to Louis Tucker, one-third to the estate of Edward C. Tucker, deceased, and one-third to respondent as trustee in bankruptcy of the estate of Prentiss Tucker, and from this order of distribution Prentiss Tucker, as administrator with the will annexed, has appealed.

No question was raised in the court below, nor is any raised here, as to the accuracy and correctness of the accounts of Prentiss Tucker as administrator. His final accounts were approved as filed, without contest or objection by any one.

Respondent has interposed a motion to dismiss the appeal upon the ground that Prentiss Tucker, as administrator, is not aggrieved by the judgment from which the appeal is prosecuted, and has no right or legal capacity to prosecute such an appeal. Our statute on appeals, Rem. Code, § 1716, provides that, "Any party aggrieved may appeal to the supreme court,"

and it follows that no one has a right to prosecute an appeal unless he has been aggrieved within the meaning of the statute. This question has been passed upon by this court in *In re Cannon's Estate,* 18 Wash. 101, 50 Pac. 1021; and *Cairns v. Donahey,* 59 Wash. 130, 109 Pac. 334; where, following what seems to be the general rule, the doctrine was laid down that an administrator or executor, as such, may not take sides as between claimants on final distribution, and has no interest in the subject-matter in dispute between such claimants. See, also, *In re Ayers' Estate,* 175 Cal. 187, 165 Pac. 528; *In re Craig's Estate,* 101 Neb. 439, 163 N. W. 765; *In re Vincent's Estate,* 84 Ver. 89, 78 Atl. 714. Appellant, however, contends that a different rule is established in *In re Sullivan's Estate,* 48 Wash. 631, 94 Pac. 483, but in this we think he is mistaken. In denying the motion to dismiss the appeal by the administrator, it was there said:

"As administrator he has an appealable interest, to the end that it is his duty to guard against the error of a distribution without some ample provision for all known obligations of the estate."

So that the appeal was there entertained, not because of any supposed interest of the administrator in who should take under the decree of distribution, but solely upon the ground that he should preserve the estate until provision was made for the payment of all known obligations, and therefore no different rule was there announced from that laid down in the authorities heretofore referred to. The motion is well taken and must be granted.

Appeal dismissed.

PARKER, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.