## IN RE ESTATE OF ROMAN J. LEONARD.
## OSCAR G. HAUGLAND, RESPONDENT.[1]

April 20, 1934.

No. 29,773.

[1]Reported in 254 N. W. 594.

*Keefe & Fallon,* for appellant.
*Oscar G. Haugland, pro se.*

*HILTON, Justice.*

Appeal by Mary Leonard, heir at law of Roman J. Leonard, deceased, from a judgment and intermediate orders of the district court of Hennepin county.

Roman J. Leonard died on May 2, 1928. He left a will in which he devised and bequeathed all his estate, both real and personal, to Esther L. Brahs, his fiancée. His will was admitted to probate, and Oscar G. Haugland was appointed and qualified as administrator with the will annexed. Leonard left a policy of war risk insurance, the beneficiaries in which he had on March 17, 1928,

changed from his mother, Mary Leonard, and his brother, to his estate. The administrator brought suit upon the policy and obtained payment in full, $11,218.50. Of that amount $5,382 had accrued and was due and payable to the deceased before his death. The balance of $5,836.50 was the commuted value of the unpaid instalments of insurance payable after his death.

The administrator, after paying all expenses, filed his final account and petition for settlement and distribution, in which he set forth that there remained a residue, among other things, of $10,669.18 cash (the balance remaining from the proceeds of the war risk insurance policy). The probate court assigned to Mary Leonard, insured's mother, the amount accruing on the insurance policy after the insured's death, and the balance of the estate to Esther L. Brahs, the sole beneficiary under the will. The administrator, in his representative capacity, appealed to the district court from that part of the decree assigning such sum to Mary Leonard. Esther L. Brahs did not appeal. The appeal was there dismissed on the ground that the administrator was not a "party aggrieved" within the meaning of 2 Mason Minn. St. 1927, § 8984. An appeal to this court was taken from that order and later dismissed by stipulation, and the administrator moved in the district court for an order vacating the previous order dismissing his appeal from the probate court's final decree and granting a new trial. The motion was granted and the case tried on a stipulation of facts. The court found, among other things, that Esther L. Brahs was entitled to the whole of the estate of Roman J. Leonard and that Mary Leonard was not entitled to any part of the insurance proceeds or of the estate of deceased, and ordered judgment accordingly. A motion for new trial was made and denied. Judgment was entered as ordered, and Mary Leonard appeals therefrom and also from various intermediate orders.

There are two questions for determination:

(1) Who was entitled to the proceeds of the war risk insurance which accrued after the decease of the insured, the mother or the sole legatee under the will?

(2)   Was the administrator an aggrieved party entitled to appeal to the district court from the final decree of distribution of the probate court?

■   Recent decisions of this and the United States Supreme Court leave no doubt but that the insured in a war risk insurance policy may dispose of the unpaid instalments by will, and if he does so they must be distributed according to the will.   Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. ed. 419, 81 A. L. R. 923; In re Estate of Erickson, 187 Minn. 650, 656, 245 N. W. 636, 247 N. W. 679; In re Estate of Hallbom, 189 Minn. 383, 249 N. W. 417 (affirmed 291 U. S. 473, 54 S. Ct. 497, 78 L. ed. 627).   The probate court should have assigned the entire proceeds from the war risk insurance to the sole legatee under the will.   If the appeal by the administrator from the probate court to the district court was an effective one, then the judgment of the latter court here appealed from was correct.

■   Respondent in this case was appointed to administer the property of the deceased according to the terms of the will.   After paying the necessary expenses, he was holding over $10,000 belonging to the estate, which by the terms of the will was to go to the beneficiary therein named.   It was his manifest right to do all within his power to have the property so distributed.   When by its decree the probate court diverted over $5,000 from the estate, which diversion the administrator believed to be erroneous, it was his right as the appointed protector of the assets of the estate to take an appeal to the district court.   In so doing he was not representing the interests of the legatee but the interests of the estate, and endeavoring to have corrected a manifest error of the probate court in diminishing the amount of the estate which deceased by his will had provided should go to Esther L. Brahs.   The circumstance that she would profit thereby is of no moment.   The administrator was not taking sides between various claimants under the will, but was endeavoring, as champion of the will, to have its terms complied with.   He was not attempting to protect asserted rights of a person who was making a claim contrary to the terms of the will.

In Rong v. Haller, 106 Minn. 454, 119 N. W. 405, 406, the probate court made a final order allowing the executor's account and assigned the substance of the estate to a beneficiary named in the will. Certain heirs appealed to the district court from such assignment order and served notice thereof upon the attorneys for the executor. The district court dismissed the appeal because service had been made only upon the attorneys for the executors and not upon the beneficiary referred to. In reversing the decision of the district court this court stated [106 Minn. 457]:

"The executor may be a mere stakeholder, or he may become the 'sole champion of the will.'"

In Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980, 981, it was claimed that an executor could not take an appeal from an order of the probate court disallowing probate of a will. It was there stated [117 Minn. 250]:

"It would seem, therefore, that, even in the absence of a precedent squarely in point, we would have to hold that the executor, as the champion of the will, has the right to appeal from an order denying probate of the same."

The holding in that case was followed in Empenger v. Fairley, 119 Minn. 186, 137 N. W. 1110.

In In re Estate of Murphy, 153 Minn. 60, 64, 189 N. W. 413, 414, it is stated:

"Whatever may be the rule elsewhere,  *  *  *  it must be deemed as settled in this state that the executors named in a will have such representative interest in the allowance and probate thereof as entitle them to appear as champions of the same in the courts of the state."

Under the facts in this case and the authorities cited, the administrator with the will annexed was a party aggrieved and had a right to appeal to the district court.

Affirmed.