[1] Reported in 260 N.W. 205.
Jennie N. Nelson, a resident of St. Louis county, died intestate April 8, 1933. Letters of administration were thereafter granted to her only surviving daughter, Myrtle Hadley Johnson, who on November 22, 1933, as administratrix, filed a final account in the estate of her mother and petitioned the probate court for its allowance and for a decree of distribution. At the time of entering its final decree the court inserted in the final account an item of $500 selected for the surviving spouse under 2 Mason Minn. St. 1927, § 8726, allowed the same, and decreed two-thirds of the estate to Myrtle Hadley Johnson as surviving daughter and one-third to Ole Iverson as surviving spouse of the decedent. Myrtle Hadley Johnson, as administratrix of the Nelson estate, appealed from the order and final decree to the district court. Ole Iverson moved the court to dismiss the appeal on the ground that as administratrix Myrtle Hadley Johnson was not a "party aggrieved" as contemplated by *Page 298 
2 Mason Minn. St. 1927, § 8983, and from an order granting the motion to dismiss, this appeal is taken.
The sole question before us is whether an administrator, after the final account has been filed, assets collected, and debts paid and who has no further duty to perform but to make distribution, is a "party aggrieved" under the statute cited above.
The appellant contends that although this precise question has never been determined in this state the right of an administrator to appeal in a case of this kind necessarily follows from the reasoning employed in Burmeister v. Gust,117 Minn. 247, 135 N.W. 980, and in In re Estate of Leonard,191 Minn. 388, 254 N.W. 594, where it was held that executors had a right of appeal. The first was an appeal from the disallowance of a will. The second was an appeal from a decree which set aside from the estate the proceeds of a war risk insurance policy. Appellant also cites In re Estate of Hallbom,179 Minn. 402, 229 N.W. 344. It is contended that the duties of executors and administrators are the same and that as a consequence if one may contest the distribution of the assets among the legatees the other may do so. Quite obviously the cases cited differ materially from the one before us. Here nothing is being diverted from the estate. It is the distribution of the estate that is sought to be attacked. We regard the allocation of the $500 provided for in § 8726 as was done here to be merely a form of distribution. That it was done by amending the final account does not change the substantial effect of the action.
An administrator derives his powers from the law, and the functions he performs are primarily for the purpose of liquidating the estate and applying the funds so liquidated to the payment of creditors and preserving the estate for the purpose of distribution. During the process of administration an administrator may bring or defend suits and appeal from adverse decisions therein when necessary to preserve the assets of the estate. These powers are incidental to administration. But when the final account has been allowed and the decree of distribution entered, an administrator has no further interest in the estate than to distribute the residue in accordance with that decree. If any of the legatees are dissatisfied *Page 299 
with the decree they may bring actions to protect their interests, but the administrator cannot.
"It is quite true that an administrator or a personal representative may prosecute an appeal from a decree or judgment which affects the estate, as such, that is, which decreases the estate, or takes something away from it or changes the title and makes it less complete than it would have been but for the decree or judgment, or casts an incumbrance upon it in some way, but we can see no interest that an administrator can have in the question which of the distributees get the money." Maxwell v. Adams, 91 W. Va. 486,489, 113 S.E. 752, 753.
A mere stakeholder or one whose duty it is simply to safeguard the funds of the estate has no interest in the decree of distribution other than to turn over to the beneficiaries named therein the funds in his hands and cannot, at the expense of the estate, take part in controversies arising between claimants. The overwhelming weight of authority supports the action of the trial court. Bates v. Ryberg, 40 Cal. 463; Merrifield v. Longmire, 66 Cal. 180, 4 P. 1176; In re Estate of Ross, 179 Cal. 358, 360, 182 P. 303; In re Estate of Craig,101 Neb. 439, 163 N.W. 765; In re Tucker's Estate, 116 Wn. 475,199 P. 765; In re Vincent's Estate, 84 Vt. 89, 78 A. 714; Murphey v. Murphey, 174 Ind. 426, 92 N.E. 165; Case v. Deal,177 Ind. 288, 98 N.E. 56; Schlegel v. Sisson, 8 S.D. 476,66 N.W. 1087; Webb v. Dow, 120 Me. 519, 115 A. 279; In re Sim's Estate, 14 Ariz. 1, 123 P. 31; Barth v. Richter, 12 Colo. App. 365,55 P. 610; Virden v. Hubbard, 37 Colo. 37, 86 P. 113; Simonds v. Simonds' Estate, 96 Vt. 110, 117 A. 103,28 A.L.R. 420; In re Turk's Will, 222 App. Div. 724, 226 N.Y. S. 111; Bryant v. Thompson, 128 N.Y. 426, 28 N.E. 522,13 L.R.A. 745; Isham v. New York Assn. 177 N.Y. 218, 69 N.E. 367.
It is quite obvious here that the administratrix is endeavoring, at the expense of the estate, to litigate a question in which her sole interest is a personal one. This she cannot do.
Order affirmed. *Page 300